# Richmond

JULIAN S. SHACKELFORD V. COMMONWEALTH OF VIRGINIA.

January 15, 1945.

Record No. 2905.

Present, All the Justices.

The opinion states the case.

*Perkins, Battle & Minor* and *Harold R. Stephenson*, for the plaintiff in error.

*Abram P. Staples, Attorney General*, and *V. P. Randolph, Jr., Assistant Attorney General*, for the Commonwealth.

HUDGINS, J., delivered the opinion of the court.

This writ of error brings under review the proceedings of a trial in which Julian S. Shackelford was found guilty of unlawfully wounding, with intent to maim, disable and kill, Mrs. Mary Taylor, and sentenced to two years' confinement in the penitentiary.

The only assignment of error is that the evidence is not sufficient to sustain the conviction of a felony.

The facts are brief and uncontradicted. Mrs. Fannie Lee Shackelford, the estranged wife of the accused, and her sister, Mrs. Mary Taylor, were staying at the country home of their late mother, who died on January 27 and was buried January 29, 1944. On January 31, about 5:30 A. M., the accused went to this dwelling. Mrs. Taylor heard his angry voice in the kitchen. She put on her bedroom slippers and robe and started downstairs to the kitchen. Just before

entering the door, she heard the accused say to his wife: "I married you and Bland and you will come with me and do as I say or else." As she entered the room, she saw her sister holding a "rag or something" over her face as if she had been injured. She turned to the accused and said: "Leave, leave now." He started to her and said: "This is the third time you have messed in my business and this time I will finish you." He struck her with his fist on the nose, again in the eye and then on the back of her ear. Mrs. Taylor said: "The first blow blinded me and he struck the second time before I got myself collected. I threw my hand over my head. I was conscious. I reeled around with my hand over my head to protect my face and my head. Then he struck at the back of my head." Mrs. Shackelford screamed and grabbed the accused from behind. Mrs. Taylor stumbled out of the kitchen into the yard and went about 200 yards to a tenant house occupied by Mrs. Dean. Blood was streaming from her broken nose and a cut over one eye. One eye was completely closed and both severely bruised. The doctor, after again examining Mrs. Taylor on March 22, the day of the trial, stated that her nose was permanently bent to the left and that both eyes were still black from the injuries inflicted nearly two months previously.

While the indictment does not contain the word "disfigure," as set forth in the statute, it charges that "the said Julian S. Shackelford * * * did unlawfully, feloniously and maliciously stab, cut and wound one Mary S. Taylor, and cause her bodily injury by means of a blow with his fist, with intent her, the said Mary S. Taylor to maim, disable and kill, against the peace and dignity of the Commonwealth of Virginia."

The conviction in *Harris* v. *Commonwealth*, 150 Va. 580, 585, 142 S. E. 354, 58 A. L. R. 1316, was set aside because the indictment charged that the wound was inflicted with the necessary specific intent while the proof was that no part of the skin, either external or internal, was broken. Judge Prentis, speaking for the court, said: "This indictment is too narrow in its terms to include as a felony the bruise

which was in fact inflicted upon Collins by the accused. If the indictment had also charged that the assault and bodily injury were done maliciously with the felonious intent to maim, etc., the evidence would have been sufficient to support the conviction of felony."

The indictment in the present case charges that both the wounding and the bodily injury were inflicted with the necessary specific intent. The proof establishes both a breach of the skin within the nose, which is sufficient to support a wounding within the purview of the ancient definition reaffirmed in the *Harris Case,* and a bodily injury, which is within the broadened meaning of the present maiming statute (Code of 1919, sec. 4402.). See *State* v. *Coontz,* 94 W. Va. 59, 117 S. E. 701.

The gravamen of the accused's contention is that the Commonwealth failed to establish the specific intent to maim, disable and kill, and that no such intent may be presumed from the blows struck with the naked fist.

The accused relies upon several Virginia cases. Most of these were reviewed in *Roark* v. *Commonwealth,* 182 Va. 244, 28 S. E. (2d) 693, wherein it was held that under ordinary circumstances no malice may be presumed by a blow from the fist even though death results. "However, an assault with the bare fists may be attended with such circumstances of violence and brutality that an intent to kill will be presumed." See *M'Whirt's Case,* 3 Gratt. (44 Va.) 594, 611, 46 Am. Dec. 196.

"The intent is the purpose formed in a man's mind, and is usually proved by his conduct, sometimes by his statements; the necessary intent constituting one element in an attempt is the intent in fact, as distinguished from an intent in law. From the act alleged, the law infers a general evil intent, on the principle that a man intends the probable and necessary consequences of his act." *Merritt* v. *Commonwealth,* 164 Va. 653, 662, 180 S. E. 395.

The accused, a strong, hale, heavy-set man, made an unprovoked attack upon a frail woman 50 years of age in her own kitchen. He struck at least three severe blows on her

face and head with the expressed intention to "finish" her. While the attack apparently lasted only a few moments, it was brought to an end not by the voluntary action of the accused but by the attempts of Mrs. Shackelford to stop him from his brutal assault and the fact that Mrs. Taylor made her escape from the room.

The sheriff testified that, when notified of the assault on Mrs. Taylor, he called the trial justice for the purpose of obtaining a warrant for the accused. The trial justice informed him that the accused was at his home and to come over. When the sheriff attempted to make the arrest, the accused stated that he was not going with him, but he was finally persuaded to go without further difficulty. The accused was mad and excited. He referred to his wife's relatives as a "bunch of bastards." En route to the jail, the accused said that he not only struck Mrs. Taylor but that he "followed up" the blow.

The attorneys for the accused, in their petition, state: "Counsel for petitioner have no disposition to attempt to condone the offense petitioner had committed. The attack on Mrs. Taylor was not justified and petitioner fully realizes that under the impulse of the moment he permitted an excitable temperament and uncontrolled temper to cause him to commit an offense which he deeply regrets, but it is earnestly submitted that the offense committed does not, under the law of Virginia, constitute a felony * * *."

The accused did not testify in his own behalf. His expressions immediately before the attack, and his expressions to the sheriff at the time of and subsequent to his arrest, do not support the statements that petitioner made the attack on the impulse of the moment or that he regretted making the assault. On the contrary, his statements are evidence of express malice. This evidence, plus the unprovoked and brutal attack by the accused upon a defenseless woman in her own home in the early hours of the morning, is clearly sufficient to establish the specific intent defined in the statute.

The judgment is affirmed.

*Affirmed.*