## CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

 v.

Christopher Allen Dawson

July 18, 1990

Case No. (Criminal) 6841

## By JUDGE JAMES H. CHAMBLIN

At the conclusion of the bench trial on July 13, 1990, on the charge of malicious wounding, the Court took the following issues under advisement:

1. Whether or not the Commonwealth has proven beyond a reasonable doubt the intent required for a felony conviction of malicious wounding or unlawful wounding under Section 18.2-51;

2. Disposition of the defendant's motion to dismiss made during the trial on the ground of the alleged failure of the Commonwealth to produce exculpatory evidence; and

3. The appropriate disposition of this case.

For the reasons hereinafter set forth, the Court finds as a matter of law that the evidence presented at trial does not prove beyond a reasonable doubt the intent required for a felony conviction of malicious or unlawful wounding; denies the motion to dismiss; finds that the evidence presented at trial would justify a finding of guilt of the misdemeanor of assault and battery; and deems that an appropriate disposition of this case under all the facts and circumstances is a deferred finding of guilt on the assault and battery charge under the terms and conditions set forth below.

## I. *Issue of Intent*

Under § 18.2-51, the Commonwealth must present evidence to show beyond a reasonable doubt that Mr. Dawson inflicted injury upon the victim, Ted Campbell, with the intent to maim, disfigure, disable or kill. Because one cannot look into another's mind and see his intent, the Commonwealth can only prove intent by the facts and circumstances of a particular case. A person's intent can be shown by his conduct and his statements. *Ridley v. Commonwealth*, 219 Va. 834 (1979); *Hargrave v. Commonwealth*, 214 Va. 436 (1974).

While § 18.2-51 is a very simply worded statute, a large body of case law has developed interpreting the statute. In the area of the required intent (an "intent to maim, disfigure, disable or kill"), the following principles applicable to this case have been developed by the case law:

1. There is no presumption that from a mere blow with a fist the striker intended to disable or disfigure the victim. *Lee v. Commonwealth*, 135 Va. 572 (1923). Similarly, no presumption of malice arises from a mere blow with a fist. *Shackelford v. Commonwealth*, 183 Va. 423 (1945).

2. The word "disfigure," as used in the statute, means a permanent and not merely a temporary or inconsequential disfigurement. *Lee, supra*, 135 Va. at 578.

3. The required intent may be proved by circumstantial evidence but cannot be presumed from an act that does not naturally indicate it. *Banovitch v. Commonwealth*, 196 Va. 210 (1954).

Each of the cases cited by counsel at trial has its own unique set of facts. It is apparent that each case must be decided on its own particular facts.

It would serve no purpose to recite all the testimony in this case but only such evidence, or lack thereof, considered relevant to the issue of intent. When a judge sits without a jury, the judge determines what the facts are and judges the credibility of the witnesses.

Mr. Campbell was only struck with a fist by Mr. Dawson. There was no evidence of the use of any weapons or that Mr. Campbell was kicked. Mr. Campbell could not state how many blows he received from the three assailants. Clear-

ly, Mr. Dawson did hit Mr. Campbell at least once in the face. There was no excuse or justification for Mr. Dawson striking Mr. Campbell. It was an utterly stupid and senseless act on his part. As his counsel readily admits, Mr. Dawson's actions do rise to the level of assault and battery. The Court specifically finds that the evidence presented at trial would justify a finding of guilt of assault and battery. However, no presumption of maliciousness or intent to disfigure arises in this case. Therefore, the burden is on the Commonwealth to prove both malice and the required intent without the benefit of any presumption.

In this case the absence of evidence negates the requisite intent. There is no evidence of any threats made by Mr. Dawson or any of the other alleged assailants. Mr. Campbell testified that he was not kicked and not knocked to the ground. The attack ended by the voluntary action of the assailants and not by the actions of Mr. Campbell or a third party. Mr. Dawson and Mr. Campbell weigh approximately the same (about 190 pounds). Mr. Dawson is six feet one inch tall, while Mr. Campbell is five feet eleven inches tall. Mr. Dawson excelled enough as a football player at Park View High School to earn a scholarship as a kicker to the College of William and Mary commencing in August of this year. The offense did not occur during football season. Only fists were used in the attack. I am of the opinion that the attack upon Mr. Campbell by Mr. Dawson was with a bare fist without attendant circumstances of violence and brutality to raise a presumption of the required intent under § 18.2-51. Clearly, Mr. Campbell suffered injuries necessary to bring the actions of Mr. Dawson within the provisions of Section 18.2-51, but the injuries are not so brutal and violently inflicted as to be sufficient evidence to support a finding of an intent to maim, disfigure, disable or kill.

Mr. Campbell's prior statements to Deputy Sanchez and at the preliminary hearing cast doubt on the accuracy of his testimony as to the number of times he was struck by Mr. Dawson or any of the other attackers. The other testimony in the case casts serious doubt on Mr. Campbell's assertion that Mr. Dawson struck the last blow as he stood in the path to Mr. Campbell's house. No one else saw this, and Deputy Sanchez was not told this by Mr. Campbell the

day after the incident. Finally, the defendant presented medical evidence consistent with a hypothesis that Mr. Dawson struck only one blow, that the three assailants struck a total of at least two or possibly three blows, and that six or seven punches were not inflicted on Mr. Campbell.

In conclusion, I am of the opinion that the evidence presented at trial does not furnish proof beyond a reasonable doubt that Mr. Dawson struck Mr. Campbell with the specific intent required under § 18.2-51. Therefore, the Court does sustain the defendant's Motion to Strike the Commonwealth's evidence as to the felony charge.

II. *Defendant's Motion to Dismiss Because of the Failure of the Commonwealth to Produce Exculpatory Evidence*

During the course of the trial, the defendant moved the Court to dismiss the charge against him because of the failure of the Commonwealth to provide him with a copy of a report prepared by Deputy Sanchez of a conversation he had with Mr. Campbell the day after the incident. The defendant filed a written motion for exculpatory evidence herein on May 2, 1990. Mr. Strom did not produce a copy of the report until Deputy Sanchez testified as a witness for the defendant. The report indicates that Mr. Campbell made statements to Deputy Sanchez that were inconsistent with his testimony at the trial (e.g., he told Deputy Sanchez he fell to the ground during the incident, but at trial, Mr. Campbell testified that he was never on the ground).

Even though the report is a statement made by a Commonwealth witness and, as such, is not discoverable under the criminal discovery rules, the Commonwealth cannot hide behind the rule if the report contains exculpatory evidence. After the Assistant Commonwealth's Attorney heard Mr. Campbell's testimony at the preliminary hearing (which as to all matters relative to this motion was the same as at trial), he should have realized that Deputy Sanchez's report contained inconsistent statements by Mr. Campbell and was exculpatory of Mr. Dawson. The statement should have been produced before trial. It is not a question as presented in *Bellfield v. Commonwealth*, 215 Va. 303 (1974), which concerned the requested production of a report so defense counsel could cross-examine the

victim. *Bellfield* specifically recognizes, 215 Va. 303 at 307, that the defendant may obtain exculpatory evidence.

However, in this case I feel that the Commonwealth's error is harmless because (1) Deputy Sanchez testified to the prior inconsistent statements made to him by Mr. Campbell before defense counsel brought the issue of the report to the attention of the Court, and (2) the ultimate disposition of this case by the Court. Even if the Commonwealth had produced the report before trial, I do not feel that it would have resulted in a different disposition of this case.

The motion to dismiss is, therefore, denied.

### III. *Disposition*

Considering the character evidence presented, the past achievements and record of Mr. Dawson, the lack of any prior legal problems or disciplinary problems, and Mr. Dawson's future plans for a college education, the Court defers a finding of guilt of assault and battery at least until July 5, 1991, on the following terms and conditions:

1. Mr. Dawson is placed on unsupervised probation until further order of this Court.

2. Mr. Dawson shall be of good behavior, shall obey all laws of this Commonwealth and any other jurisdiction, shall obey all the rules and regulations of the College of William and Mary while he attends such institution, and shall at all times remain drug and alcohol free.

3. Mr. Dawson shall make restitution to Mr. Campbell for all out-of-pocket losses on account of medical expenses and lost wages, if any, suffered by him as a result of the attack. Restitution shall not include expenses covered by insurance or any other third party reimbursement. Such restitution may become a joint and several liability of all persons causing injury to Mr. Campbell depending, of course, on the ultimate disposition of the other cases. Restitution shall be determined by the Commonwealth and shall be paid by Mr. Dawson before July 5, 1991.

4. Mr. Dawson will pay the costs of this proceeding before July 5, 1991.

5. Mr. Dawson shall perform fifty hours of community

service in Loudoun County as determined by the Office of the Commonwealth's Attorney before July 5, 1991.

This case will be placed on the docket for review on July 5, 1991, at 9:00 a.m. at which time the defendant is directed to be present in Court. At that time, the Court will decide whether to dismiss the charge or continue the deferred finding. If the deferred finding is continued, then the Court will determine the terms and conditions thereof. Only a violation of a term and condition of the deferred finding may result in a conviction of assault and battery (and imposition of punishment as allowed by law). Compliance with all the terms and conditions of the deferred finding will not result in a conviction, but no representations are made to Mr. Dawson as to whether or not the period of the deferred finding will be terminated on July 5, 1991.

Let all interested persons be advised that the disposition of this case is a result of the evidence and all the circumstances presented in this case alone and because the undersigned judge sat as both the trier of fact and sentencing judge. If this case had been tried to a jury, then this Court would have no authority to defer a finding of guilt and would suspend all or part of the sentence returned by the jury only if it determines that mitigating circumstances are present.