COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Elder and Annunziata
Argued at Richmond, Virginia


DAVID GLENN GRABER

v.        Record No. 0688-94-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE LARRY G. ELDER
OCTOBER 3, 1995

FROM THE CIRCUIT COURT OF HENRICO COUNTY
George F. Tidey, Judge

E. Blay Bryan for appellant.

Richard B. Smith, Assistant Attorney General
(James S. Gilmore, III, Attorney General, on
brief), for appellee.


David Glenn Graber (appellant) appeals his conviction for attempted malicious wounding in violation of Code § 18.2-51. Appellant contends the evidence was insufficient to establish (1) he specifically intended to wound his wife and (2) he acted with malice when he attacked his wife. Because the evidence was sufficient to support malicious intent, we affirm the conviction for attempted malicious wounding.

On the night of November 3, 1993, appellant visited his wife, from whom he was separated, at his sister-in-law's house. After an emotional conversation between appellant and his wife turned into an argument, appellant grabbed his wife by the throat and lifted her up against the wall. Although she resisted, appellant held her against the wall with his hands until she lost

―――――――――――――
[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

consciousness. Appellant told police he was surprised at how quickly his wife lost consciousness and that he immediately laid her on the floor so that she did not injure herself.

When his wife regained consciousness, appellant sat on top of her and threatened her with further harm if she did not "straighten up." Appellant then brought his wife into the bedroom, where he forced her to undress and beat her five or six times on her buttocks with a belt, causing multiple bruises.

Appellant was tried at a bench trial and convicted of attempted malicious wounding and abduction. The abduction conviction is not before us on appeal.

When reviewing the sufficiency of the evidence to support a conviction, we view the evidence and all reasonable inferences fairly deducible from the evidence in the light most favorable to the Commonwealth, and we will not disturb the verdict unless plainly wrong or without support in the evidence. Maynard v. Commonwealth, 11 Va. App. 437, 439, 399 S.E.2d 635, 637 (1990) (en banc). This standard "gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson v. Virginia, 443 U.S. 307, 319 (1979).

First, we hold the trial court was not plainly wrong in finding appellant acted with the requisite intent to maim or kill his wife when he pinned her to the wall and choked her into

2

unconsciousness.  The trial court is entitled to infer
appellant's intent from the facts and circumstances, and it
appropriately concluded beyond a reasonable doubt that these were
acts from which appellant reasonably should have anticipated that
disabling injury or death might result to his wife.

> "Intent is the purpose formed in a person's mind which
> may, and often must, be inferred from the facts and
> circumstances in a particular case."  Ridley v.
> Commonwealth, 219 Va. 834, 836, 252 S.E.2d 313, 314
> (1979).  Intent may be shown by a person's conduct and
> by his statements.  Hargrave v. Commonwealth, 214 Va.
> 436, 437, 201 S.E.2d 597, 598 (1974).

Long v. Commonwealth, 8 Va. App. 194, 198, 379 S.E.2d 473, 476
(1989).  Importantly, the fact finder may infer that the
defendant intended the "natural and probable consequences" of his
actions, and that the means by which the act was accomplished
reflected the defendant's intent.  See Campbell v. Commonwealth,
12 Va. App. 476, 483-84, 405 S.E.2d 1, 4 (1991) (en banc).

As we have said before, there need not be a breaking of the
skin to constitute malicious wounding.  Id. at 483, 405 S.E.2d
at 4.  Furthermore, while a simple assault with a bare fist (or
hand) may not give rise to an intent to maim, an assault with
one's fist or hand may be attended with such circumstances of
violence that an intent to maim or kill may be presumed.  See
Fletcher v. Commonwealth, 209 Va. 636, 640, 166 S.E.2d 269, 273
(1969).  In this case, the trial court was not plainly wrong in
inferring from all the facts and circumstances that appellant
intended to maim or kill his wife by choking her, and it did not

3

err in deciding that appellant intended the natural and probable consequences of these actions.

Second, we hold the trial court was not plainly wrong in finding sufficient evidence beyond a reasonable doubt that appellant acted with malice when he pinned his wife against the wall and choked her into unconsciousness.

> "Malice inheres in the doing of a wrongful act intentionally, or without just cause or excuse, or as a result of ill will.  It may be directly evidenced by words, or inferred from acts and conduct which necesarily [sic] result in injury.  Its existence is a question of fact [for the fact finder]."

Long v. Commonwealth, 8 Va. App. 194, 198, 379 S.E.2d 473, 475–76 (1989) (emphasis added) (citation omitted).  Appellant's malice was evidenced by the fact that he committed the purposeful and cruel choking of his wife without great provocation.  See Branch v. Commonwealth, 14 Va. App. 836, 841, 419 S.E.2d 422, 426 (1992).  While the evidence shows appellant committed these violent acts partially as a result of an emotional discussion, we hold sufficient evidence existed from which the trial court could have concluded that appellant acted with deliberation and purpose, rather than in the heat of passion.

As the Supreme Court has stated, "[a]n attempt is composed of two elements: the intention to commit the crime, and the doing of some direct act toward its consummation which is more than mere preparation but falls short of execution of the ultimate purpose."  Sizemore v. Commonwealth, 218 Va. 980, 983, 243 S.E.2d 212, 213 (1978) (emphasis added).  For the foregoing reasons we

4

hold that appellant intended to commit the crime and the facts clearly demonstrate a "direct act toward its consummation."

Accordingly, we affirm the conviction.

<u>Affirmed.</u>

Benton, J., concurring.


To support a conviction in a criminal case, the evidence must prove every element of the offense beyond a reasonable doubt. In re Winship, 397 U.S. 358, 364 (1970). The pertinent elements applicable to the malicious wounding offense are "maliciously . . . cause . . . bodily injury, with the intent to maim, disfigure, disable, or kill." Code § 18.2-51. Thus, proof of an attempt to commit the offense requires proof beyond a reasonable doubt of (a) malice, (b) a direct, ineffectual act done toward the commission of bodily injury, and (c) the intent required by the statute. Slusher v. Commonwealth, 196 Va. 440, 443, 83 S.E.2d 719, 721 (1954).

The evidence in this case proved that Graber was estranged from his wife. After midnight, he went to the residence where his wife was living and began to argue with her. In anger, Graber threw his wife against the wall and held his hands around her neck. As she struggled to remove his hands from her throat, he used such force that she lapsed into unconsciousness. When his wife regained consciousness, she was lying on the floor. Graber was sitting on her with his hands still at her throat.

From the proof of these acts, the jury could find beyond a reasonable doubt, that Graber acted with malice and attempted to cause bodily harm to his wife. In addition, the evidence that Graber used great force upon his wife's neck, a sensitive part of a person's anatomy, was sufficient to prove beyond a reasonable

7

doubt that he intended to maim, disfigure, or disable her by choking.  See Dawkins v. Commonwealth, 186 Va. 55, 62, 41 S.E.2d 500, 505 (1947); Shackelford v. Commonwealth, 183 Va. 423, 426–27, 32 S.E.2d 682, 684 (1945).  For these reasons, I would also affirm the conviction.