COURT OF APPEALS OF VIRGINIA

Present: Judges Annunziata, Frank and McClanahan
Argued at Chesapeake, Virginia


WILLIE CEPHAS BRANCH

                                     MEMORANDUM OPINION[*] BY
v.       Record No. 1283-03-1          JUDGE ROSEMARIE ANNUNZIATA
                                          APRIL 6, 2004

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Johnny E. Morrison, Judge

Felipita Athanas, Appellant Counsel (Public Defender Commission,
on briefs), for appellant.

Eugene Murphy, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Willie Cephas Branch was convicted of malicious wounding, in violation of Code

§ 18.2-51, and sentenced to ten years in prison, five years suspended. He appeals his conviction

on the ground that the evidence was insufficient to prove beyond a reasonable doubt that he acted

with malicious intent. We affirm for the following reasons.

I. Background

On appeal, we view the evidence, and all reasonable inferences that may be drawn from

that evidence, in a light most favorable to the Commonwealth as the party prevailing below.

Garcia v. Commonwealth, 40 Va. App. 184, 189, 578 S.E.2d 97, 99 (2003). So viewed, the

evidence establishes that Willie Branch had a confrontation with Rosa Benton on December 4,

2002. At that time, Rosa resided with her sister, Doris. Doris was dating Branch.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Branch confronted Rosa when she came home from work on the evening of December 4. Branch told Rosa that she had to pay rent to her sister, Doris. Rosa explained that she was not "going to pay [Doris] rent . . . because . . . [she was] going to move to [her] daughter's house [in] the next couple of days." Rosa went into her room to change clothes before leaving the premises. While she was changing her clothes, Branch kept "peeping in" Rosa's room, telling her she "better not come out . . . because [she had] to pay Doris rent." Rosa recognized that Branch was intoxicated and decided to wait in her room before attempting to leave. After waiting twenty minutes and hoping that Branch had "cooled down," Rosa exited her room to use the hall bathroom. As she did so, Branch walked towards her. Rosa observed that he had a belt wrapped around his fist with the belt buckle exposed across his knuckles. The belt buckle was made of metal.

Branch struck Rosa with the belt, resulting in a four to five inch cut in the center of her forehead. Rosa fell backwards against a decorative stand, shattering a vase. A photograph taken shortly after the attack was introduced at trial and showed Rosa's face covered in blood. Although the cut on Rosa's head had healed at the time of the trial, a scar remained.

Branch testified in his own defense. He stated that he never saw a belt, that he did not strike Rosa, and that Rosa threw a vase at him, causing him to bleed from his nose and arm. No blood was observed on Branch that night, however.

Branch was charged with malicious wounding, convicted in a bench trial, and sentenced to ten years incarceration, five years suspended. This appeal followed.

## II. Analysis

### A. Standard of Review

When the sufficiency of the evidence is questioned on appeal, this Court "reviews the evidence in the light most favorable to the Commonwealth, granting to it all reasonable

inferences deducible therefrom." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). "Applying this standard of review, the Court looks 'to that evidence which tends to support the verdict and to permit the verdict to stand unless plainly wrong.'" Spencer v. Commonwealth, 42 Va. App. 443, 447, 592 S.E.2d 400, 402 (2004) (quoting Snyder v. Commonwealth, 202 Va. 1009, 1016, 121 S.E.2d 452, 457 (1961)). The Court must therefore "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth." Holsapple v. Commonwealth, 39 Va. App. 522, 528, 574 S.E.2d 756, 758-59 (2003) (en banc) (citations omitted). "The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it." Martin, 4 Va. App. at 443, 358 S.E.2d at 418. Evaluation of witness credibility and "the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).

### B. Malicious Wounding

Code § 18.2-51 provides in relevant part that, "[i]f any person maliciously shoot, stab, cut, or wound any person or by any means cause him bodily injury, with the intent to maim, disfigure, disable, or kill, he shall, except where it is otherwise provided, be guilty of a Class 3 felony."

"To support a conviction for malicious wounding under Code § 18.2-51, the Commonwealth must prove that the defendant inflicted the victim's injuries 'maliciously and with the intent to maim, disfigure, disable or kill.'" Robertson v. Commonwealth, 31 Va. App. 814, 823, 525 S.E.2d 640, 645 (2000) (quoting Campbell v. Commonwealth, 12 Va. App. 476, 483, 405 S.E.2d 1, 4 (1991) (en banc)). "'Malice inheres in the doing of a wrongful act

- 3 -

intentionally, or without just cause or excuse, or as a result of ill will. It may be directly evidenced by words, or inferred from acts and conduct which necessarily result in injury.'" Hernandez v. Commonwealth, 15 Va. App. 626, 631, 426 S.E.2d 137, 140 (1993) (citations omitted). "Malice is evidenced either when the accused acted with a sedate, deliberate mind, and formed design, or committed a purposeful and cruel act without any or without great provocation." Branch v. Commonwealth, 14 Va. App. 836, 841, 419 S.E.2d 422, 426 (1992). "Whether malice existed is a question for the fact finder." Robertson, 31 Va. App. at 823, 525 S.E.2d at 645.

An assault with fists ordinarily does not indicate an intent to maim, disable, or kill. Fletcher v. Commonwealth, 209 Va. 636, 640, 166 S.E.2d 269, 273 (1969). However, when accompanied by sufficient violence and brutality, such intent may be inferred. Id.; Bryant v. Commonwealth, 189 Va. 310, 317, 53 S.E.2d 54, 57 (1947); Shackelford v. Commonwealth, 183 Va. 423, 426, 32 S.E.2d 682, 684 (1945). The defendant's intent can be determined from his actions or statements, as well as other circumstances in evidence. Nobles v. Commonwealth, 218 Va. 548, 551, 238 S.E.2d 808, 810 (1977).

We find the evidence sufficient to prove beyond a reasonable doubt that Branch maliciously and intentionally struck Rosa in the face without provocation with the intent to inflict serious injury. He prepared for the assault by wrapping a belt around his hand and knuckles, converting his bare fist into a more effective weapon. He thus ensured that the buckle would strike his victim and inflict serious injury. Indeed, the strike to Rosa's forehead opened a four to five inch cut which, although healed, left a visible scar. The blow also was leveled with such force that Rosa was knocked backwards, causing her to fall onto a small stand, shattering a vase. Moreover, because the court could find that Branch was lying when he testified that Rosa, not he, was the aggressor, it could infer that he was lying to conceal his guilt and the true nature

of the intention with which he struck her.  Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998).

Viewing these facts in their totality, the trial court could reasonably conclude that Branch maliciously intended to "maim, disfigure, [or] disable" Rosa.  Code § 18.2-51.  The fact finder can infer "that a person intends the immediate, direct, and necessary consequences of his voluntary acts."  Moody v. Commonwealth, 28 Va. App. 702, 706-07, 508 S.E.2d 354, 356 (1998).  Where, as here, "'*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt,'" Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)) (emphasis added), we will not disturb the conviction on appeal.  We accordingly affirm Branch's conviction for malicious wounding.

Affirmed.