COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Petty and Beales
Argued at Chesapeake, Virginia


DEMONTE RAYSHAWN WORRELL

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2451-09-1                       JUDGE WILLIAM G. PETTY
                                                         DECEMBER 21, 2010

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                          Dean W. Sword, Jr., Judge

        Gregory K. Matthews (S. Jane Chittom; Office of the Public
        Defender, on brief), for appellant.

        Erin M. Kulpa, Assistant Attorney General (Kenneth T. Cuccinelli,
        II, Attorney General, on brief), for appellee.


        Demonte Rayshawn Worrell was tried in a bench trial and convicted of unlawful wounding

in violation of Code § 18.2-51. Worrell challenges his conviction on appeal, arguing that the

evidence surrounding his single punch of the victim, Larry Donnell, was insufficient to prove

Worrell had the intent to maim, disfigure, disable, or kill Donnell, as required by the statute. For the

reasons discussed below, we agree with Worrell. Accordingly, we reverse his conviction and

remand for further proceedings consistent with the views expressed in this opinion.

                                            I.

        "On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App.

438, 443, 358 S.E.2d 415, 418 (1987)). Because the parties are fully conversant with the record

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

in this case and this memorandum opinion carries no precedential value, we recite only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

On the evening of March 9, 2009, Demonte Rayshawn Worrell saw Larry Donnell walking on the street and accused Donnell of breaking into a woman's house. After Donnell denied the accusation, Worrell entered a residence on the same street. Concerned for his safety, Donnell started running away in the direction from which he had come. Worrell subsequently ran after Donnell, overtook him, and delivered a single blow with his fist to Donnell's face. As a result of the blow, Donnell fell to the ground. Subsequently, other unknown persons engaged in an assault on Donnell. Donnell suffered significant injuries from the incident as a whole.[1]

The Commonwealth charged Worrell with aggravated malicious wounding.[2] The trial court found that the evidence did not support an aggravated malicious wounding charge and instead convicted Worrell of the lesser-included offense of unlawful wounding, which requires that a defendant cause bodily injury to another person "with the intent to maim, disfigure, disable, or kill." Code § 18.2-51. The trial court expressly found that the Commonwealth had not proven there was any concert of action between Worrell and the other persons who had contributed to Donnell's injuries.[3] This appeal followed.

---

[1] The evidence does not establish what, if any, injury Donnell received from Worrell's single punch. However, Worrell has not argued that he did not inflict any bodily injury to Donnell. Therefore, the issue of whether there was a "bodily injury" as required by Code § 18.2-51 is not before us, and we consider the evidence regarding Donnell's injuries only insofar as it is relevant to determining whether Worrell delivered his single blow with the intent to maim, disfigure, disable, or kill Donnell.

[2] The Commonwealth also charged Worrell with robbery, but the trial court dismissed this charge.

[3] The trial court stated:

I don't know what happened. Without a doubt the defendant assaulted Mr. Donnell. . . . He got some significant injuries

II.

The appellate standard of review for sufficiency of the evidence is well established. "'[T]he judgment of the trial court sitting without a jury is entitled to the same weight as a jury verdict.'" Saunders v. Commonwealth, 242 Va. 107, 113, 406 S.E.2d 39, 42 (1991) (quoting Evans v. Commonwealth, 215 Va. 609, 613, 212 S.E.2d 268, 271 (1975)). Thus, we presume the trial court's judgment to be correct and reverse only if its decision is "'plainly wrong or without evidence to support it.'" Davis v. Commonwealth, 39 Va. App. 96, 99-100, 570 S.E.2d 875, 876-77 (2002) (quoting Dodge v. Dodge, 2 Va. App. 238, 242, 343 S.E.2d 363, 365 (1986)); see Code § 8.01-680.

Worrell argues that the only evidence to potentially support his conviction of unlawful wounding is the single punch to the head he personally delivered to Donnell. Worrell maintains that this single blow was not accompanied by circumstances of violence and brutality sufficient to support an inference of intent to maim, disfigure, disable, or kill. For the reasons discussed below, we agree.

---

without a doubt, but it's not clear, again, based on his testimony whether this defendant was responsible for them, or whether someone who was acting in concert with the defendant was responsible for them, or whether this was something gratuitous that somebody in the park just decided to add to the situation. . . .

The problem is there has to be some sort of nexus between the conduct of another party and that of the defendant. . . . I can't make that nexus. . . .

\* \* \* \* \* \* \*

[Mr. Donnell] said after he was hit by the defendant, he fell to the ground, and then he also was kicked and otherwise assaulted by persons unknown. It might have been the defendant. He doesn't know. And I understand why he doesn't know, but the problem is we have to be able to prove that in court.

"Intent is the purpose formed in a person's mind at the time an act is committed." Commonwealth v. Taylor, 256 Va. 514, 519, 506 S.E.2d 312, 314 (1998). "'Intent may, and often must, be inferred from the facts and circumstances of the case, including the actions of the accused and any statements made by him.'" Carter v. Commonwealth, 280 Va. 100, 105, 694 S.E.2d 590, 594 (2010) (quoting Stanley v. Webber, 260 Va. 90, 96, 531 S.E.2d 311, 315 (2000)); see also Taylor, 256 Va. at 519, 506 S.E.2d at 314. "The finder of fact may infer that a 'person intends the natural and probable consequences of his or her acts.'" Johnson v. Commonwealth, 53 Va. App. 79, 100, 669 S.E.2d 368, 378 (2008) (quoting Velasquez v. Commonwealth, 276 Va. 326, 330, 661 S.E.2d 454, 456 (2008)).

"To be guilty under Code § 18.2-51, a person must intend to permanently, not merely temporarily, harm another person." Id. at 101, 669 S.E.2d at 378 (citing Campbell v. Commonwealth, 12 Va. App. 476, 484, 405 S.E.2d 1, 4 (1991) (en banc)). As the Supreme Court of Virginia has explained, the use of a bare fist generally does not permit an inference of intent to cause permanent, rather than merely temporary, harm. Lee v. Commonwealth, 135 Va. 572, 578, 115 S.E. 671, 673 (1923). To support an inference of intent to cause permanent bodily injury, a blow or blows with a bare fist must be accompanied by special circumstances of violence and brutality. See Fletcher v. Commonwealth, 209 Va. 636, 640-41, 166 S.E.2d 269, 273 (1969) (noting that "an assault with a bare fist may be attended with such circumstances of violence and brutality that an intent to [maim, disfigure, disable, or] kill may be presumed"); Dawkins v. Commonwealth, 186 Va. 55, 63, 41 S.E.2d 500, 504 (1947) (observing that "one may permanently maim, disfigure, disable, or kill with the fists, or knees, if the force is applied with violence and brutality"); Roark v. Commonwealth, 182 Va. 244, 250, 28 S.E.2d 693, 695-96 (1944) (recognizing that "[o]rdinarily, the fist is not regarded as a dangerous or deadly weapon," but also stating that "an assault with the bare fists may be attended with such circumstances of violence and brutality that an

intent to kill will be presumed"); Johnson, 53 Va. App. at 101, 669 S.E.2d at 379 (stating that "a person may be found to have intended permanent harm by an attack with fists where the assailant employs sufficient brutality").

Almost every case involving bare fists where either the Supreme Court of Virginia or this Court has held the evidence sufficient to support an inference of intent to cause permanent bodily injury has involved multiple blows delivered in particularly violent and brutal settings. See, e.g., Dawkins, 186 Va. at 62, 41 S.E.2d at 503 (defendant "brutally assaulted [the victim], striking him numerous times about the face, breaking his nose, and kneeing him in the groin," causing the victim to be "physically disabled and incapacitated for three weeks"); Shackelford v. Commonwealth, 183 Va. 423, 426-27, 32 S.E.2d 682, 684 (1945) (defendant who was "strong, hale, [and] heavy-set" assaulted a "frail" 50-year-old woman without provocation, striking "at least three severe blows on her face and head with the expressed intention to 'finish' her"); Williams v. Commonwealth, 13 Va. App. 393, 395, 412 S.E.2d 202, 203 (1991) (defendant struck the victim "four or five times with his fists," causing significant injuries that required extensive medical treatment).[4]

Various cases have examined numerous factors in evaluating whether blows with bare fists were accompanied by circumstances of violence and brutality sufficient to support an inference of

---

[4] The Commonwealth attempts to analogize this case to Fletcher, 209 Va. 636, 166 S.E.2d 269. In its brief and again during oral argument, the Commonwealth stated that the defendant in Fletcher struck one of his victims (Thompson) with only one blow. However, the opinion in Fletcher does not indicate precisely whether there was one blow or multiple blows. Id. at 638, 166 S.E.2d at 271-72. Moreover, even if Fletcher struck Thompson only once, the injuries traceable to that single blow were quite extensive and serious. See id. at 638, 166 S.E.2d at 271 (bleeding from eyes, nose, and mouth; cuts on forehead, over side of mouth, and on cheek; bruises below lower lid of right eye; moderate superficial hemorrhage in right eye; definite depression of left eye; and double vision in "all fields of gaze"). Here, there is no evidence of any serious bodily injury suffered by Donnell that is directly traceable to the single blow delivered by Worrell. Thus, one of the key factors indicating special circumstances of violence and brutality in Fletcher is missing in this case.

intent to permanently injure.[5]  Although almost all of these cases involved multiple blows by a

defendant that caused serious injuries to the victim, this Court recently held that in the

circumstances of one particular case, a single blow with the fist provided sufficient evidence to

support an inference of intent to permanently injure.  Johnson, 53 Va. App. at 103, 669 S.E.2d at

380.  The Court in Johnson pointed to three specific factors justifying an inference of intent to

permanently injure under the circumstances in that case.  First, the Court observed that Johnson's

attack was unprovoked and that the victim was unsuspecting and unprepared.  Id. at 103-04, 669

S.E.2d at 380.  Second, the Court noted the degree of force the defendant employed in striking

his single blow against the victim.  Id. at 104, 669 S.E.2d at 380.  The victim "suffered a

concussion, two cuts in his ear, one of which necessitated four stitches, and soreness in his

shoulder lasting several weeks."  Id.  Moreover, the defendant struck the victim so hard that not

only the victim, but also the defendant himself, fell to the ground because of his momentum.  Id.

The Court stated that this fact indicated something beyond the realm of a normal fistfight "or

---

[5] The following cases set forth various factors:  Dawkins, 186 Va. at 62-63, 41 S.E.2d at 503-04 (considering such factors as the defendant's statements before, during, and after the assault, the defendant's provocation of the affray, the discrepancy between the size and strength of the defendant and that of the victim, and the "savage" nature of numerous blows to the victim's face and groin); Shackelford, 183 Va. at 426-27, 32 S.E.2d at 684 (examining factors such as the defendant's statement to the victim that he would "finish" her, his later statement to the sheriff that he "followed up" his initial blow to the victim, lack of provocation by the victim, the discrepancy between the size and strength of the defendant and that of the victim, the brutal nature of "at least three severe blows" delivered by the defendant, and the fact that the assault occurred in the victim's home in the early hours of the morning); Campbell, 12 Va. App. at 485, 405 S.E.2d at 5 ("In determining the probable consequences of an aggressor's actions and his or her intent to achieve those consequences, the comparative weakness of the victim and the strength of the aggressor may be considered." (citing Bryant v. Commonwealth, 189 Va. 310, 317, 53 S.E.2d 54, 58 (1949); Shackelford, 183 Va. at 426-27, 32 S.E.2d at 684)); id. at 483, 405 S.E.2d at 4 ("The nature and extent of the bodily injury and the means by which accomplished may reflect this intent but are not exclusive factors."); cf. Roark, 182 Va. at 246, 251-52, 28 S.E.2d at 694, 696 (holding that factors indicating lack of intent to inflict serious bodily injury include the absence of an antecedent grudge, lack of threats, prior friendly relations, the use of the left hand or fist by a right-handed defendant, and a defendant's attempts to provide medical aid to the victim immediately after the assault).

even a boxing match." Id. Third, the Court observed that the defendant's statements both before and after the assault indicated "a premeditated attack" and a "pride in his actions." Id. The defendant actually boasted about his assault and stated that he would do it again if he had the chance. Id. at 87, 104, 669 S.E.2d at 372, 380.

In the case before us, the trial court found there was no concert of action or any proven nexus between the act of Worrell in initially punching Donnell and the subsequent acts of the unknown persons who also assaulted Donnell. We cannot say that the trial court's finding in this regard is "plainly wrong" or without evidentiary support. See Code § 8.01-680.[6] Accordingly, because of this factual finding, we limit our analysis to Worrell's single punch that caused Donnell to fall over, and we consider whether this single blow is sufficient to support an inference of intent to permanently injure. Because we are limited to considering only Worrell's single blow, we are also limited to examining only those injuries, if any, that were directly caused by that specific blow as indicative of what Worrell's intent may have been when he delivered it.

The facts of this case do not rise to the level of uncommon violence and brutality that was present in Johnson. Although the evidence here supports a finding that the attack was unprovoked by Donnell, there is no evidence of any significant injury caused by Worrell's single blow to Donnell. The evidence shows that Donnell suffered multiple severe injuries, but there is no evidence linking any particular injury to Worrell's initial blow. Without any special evidence, such as was present in Johnson, of the nature, force, and results of the single blow delivered by Worrell, we cannot say that this isolated punch rose above the level of a blow that would be delivered in a typical fistfight or a boxing match. Furthermore, while there is evidence

---

[6] We also note that the Commonwealth charged Worrell with aggravated malicious wounding under Code § 18.2-51.2, but did not charge Worrell with malicious wounding by mob under Code § 18.2-41.

to support a finding that Worrell's assault on Donnell was premeditated, there was no "repeated bragging" or later "vow[] to do the same thing again if given the opportunity," as there was in Johnson. See 53 Va. App. at 104-05, 669 S.E.2d at 380-81. There is simply insufficient evidence before us to support an inference that Worrell's single blow with his fist under these circumstances constituted unusual violence and brutality, beyond the realm of a typical punch, comparable to the particularly brutal and generally gruesome assaults we have previously found to support such an inference.[7]

As noted above, the various other cases that have found circumstances of violence and brutality sufficient to support an inference of intent to permanently injure have involved multiple blows by a defendant that caused serious injuries to a victim. Here, however, there is simply an isolated blow delivered by Worrell, and there are no serious injuries directly traceable to that specific blow. As typical blows with a fist are sufficient to support an inference of intent to temporarily injure, but not to permanently injure, Worrell's punch here does not support an inference of intent to permanently injure. Therefore, we hold there are not sufficient circumstances of violence and brutality surrounding Worrell's single blow to support an inference that Worrell had the intent to maim, disfigure, disable, or kill Donnell.

---

[7] The Commonwealth stresses the facts that Worrell was nineteen years old, while Donnell was in his mid-fifties, that Worrell chased after Donnell and blocked his path before he struck him, and that Donnell testified that while he was on the ground being beaten, he heard Worrell say that "he['s] still moving." However, while relevant, these limited facts are simply insufficient to support an inference that Worrell intended to permanently injure Donnell when he struck his initial blow. This is so because Worrell struck only one blow and no more, because this single blow caused no proven serious injuries to Donnell, and because the trial court expressly found there was no nexus between the actions of Worrell and those of the unknown persons who contributed to the assault.

III.

For the foregoing reasons, we reverse Worrell's conviction for unlawful wounding and remand the matter to the trial court for retrial on the lesser-included offense of assault and battery if the Commonwealth be so advised.[8]

Reversed and remanded.

---

[8] Since "neither party has consented to remanding the case for re-sentencing on the lesser-included offense," Hunter v. Commonwealth, 56 Va. App. 50, 66 n.7, 690 S.E.2d 792, 800 n.7 (2010), we remand for a new trial. See Britt v. Commonwealth, 276 Va. 569, 576, 667 S.E.2d 763, 766-67 (2008); Hunter, 56 Va. App. at 66 n.7, 690 S.E.2d at 800 n.7 (discussing the rule in Britt).