PRESENT:  All the Justices

CHRISTOPHER BURKEEN

                                   OPINION BY
v.      Record No. 122178       JUSTICE S. BERNARD GOODWYN
                                 October 31, 2013
COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal, we consider whether the Court of Appeals erred in affirming the conviction of Christopher Burkeen for malicious wounding, in violation of Code § 18.2-51, when Burkeen struck the victim with a bare fist only once.

Procedural Background

Burkeen was indicted for malicious wounding in the Circuit Court of the City of Newport News.  The circuit court found Burkeen guilty as charged.  Burkeen appealed his conviction to the Court of Appeals.  A three-judge panel of the Court of Appeals affirmed Burkeen's conviction by ruling that the evidence was sufficient to establish his intent to maliciously wound the victim and his violation of Code § 18.2-51.  Burkeen v. Commonwealth, Record No. 2566-11-1 (November 27, 2012).  Burkeen appeals.

Burkeen's assignment of error states:

> The Court of Appeals erred when it found that the evidence was sufficient to prove intent to maim, disfigure, disable or kill where the defendant struck the victim with a single blow with his bare fist.

Facts

Around closing time on December 30, 2009, Donald Mayer stood outside a bar where he had been playing pool. Burkeen approached Mayer and asked to see his pool cue. Mayer acquiesced. Burkeen asked Mayer how much the cue cost, and Mayer informed Burkeen that he purchased it for $230. Burkeen responded, "You'll take $200." Mayer told Burkeen that the pool cue was not for sale, and then Burkeen said, "No, you'll take $200 for it." Mayer put his hand on his cue that Burkeen was holding. Burkeen let go of the cue and immediately punched Mayer in the face.

Mayer held his nose, which began bleeding. Burkeen then called Mayer a "bitch" and said that he could "kick [his] ass" and take Mayer's cue if he wanted to. Burkeen also proclaimed that he was in the Army and could bench press 200 pounds.

Keith Taylor saw Burkeen with his arm raised as if he was going to hit Mayer again, and he quickly moved to shield Mayer from Burkeen's attack. Burkeen proceeded to hit Taylor on the back of his head three to five times, until Taylor fell to the ground. Burkeen stopped his attack and ran when a bystander mentioned that he had called the police.

A doctor testified that as a result of the blow delivered by Burkeen, Mayer had "fractures of the orbit, the malar region, which is a series of bones around the cheek, and nasal

2

fractures." The doctor treated Mayer by performing "major reconstructive surgery" to address this "significant injury," which was caused by a "significant force." Mayer continues to have headaches, and he has visible scars and puffiness around his eyes because of scar tissue.

## Analysis

Burkeen argues that, as a matter of law, a single blow from a bare fist is not sufficient evidence of the intent to maim, disfigure, disable or kill, which is required for a malicious wounding conviction. He notes that this Court has only sustained a conviction for malicious wounding from a bare fist in cases that involved multiple blows. Therefore, Burkeen contends, the Court of Appeals erred in ruling that there was sufficient evidence to convict him of malicious wounding.

The Commonwealth responds that the evidence in this case was sufficient to convict Burkeen of malicious wounding.

The standard of review in this case is well-settled.

> When considering a challenge to the sufficiency of the evidence to sustain a conviction, . . . . [t]his Court will only reverse the judgment of the trial court if the judgment is plainly wrong or without evidence to support it. If there is evidence to support the conviction[,] the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.

Clark v. Commonwealth, 279 Va. 636, 640-41, 691 S.E.2d 786, 788 (2010) (citations and internal quotation marks omitted).

3

Additionally, when considering the sufficiency of the evidence to sustain a conviction, this Court reviews "the evidence in the light most favorable to the prevailing party at trial and consider[s] all inferences fairly deducible from that evidence." Id. at 640, 691 S.E.2d at 788 (citation and internal quotation marks omitted).

The circuit court convicted Burkeen of malicious wounding pursuant to Code § 18.2-51. To be convicted of malicious wounding, the Commonwealth must prove that the defendant maliciously stabbed, cut, or wounded "any person or by any means cause[d] him bodily injury, with the intent to maim, disfigure, disable, or kill." Id.; Dowdy v. Commonwealth, 220 Va. 114, 116, 255 S.E.2d 506, 508 (1979) ("It is elementary that the burden is on the Commonwealth to prove every essential element of the offense beyond a reasonable doubt.") (internal quotation marks omitted).

"Malice[*] inheres in the doing of a wrongful act intentionally, or without just cause or excuse, or as a result of ill will. [Malicious intent to wound] may be directly evidenced by words, or inferred from acts and conduct which necessarily result in injury." Dawkins v. Commonwealth, 186 Va. 55, 61, 41 S.E.2d 500, 503 (1947). The Court of Appeals

---

[*] The instant assignment of error only contests "intent" and does not implicate "malice." Malice is discussed here only because it is an integral element of the offense.

4

has stated, "To be guilty [of malicious wounding], a person must [also] intend to permanently, not merely temporarily, harm another person." Johnson v. Commonwealth, 53 Va. App. 79, 101, 669 S.E.2d 368, 378 (2008) (citation omitted). We agree with the ruling of the Court of Appeals in Johnson.

"Under ordinary circumstances an intent to maim may not be presumed from a blow with a bare fist. But an assault with a bare fist may be attended with such circumstances of violence and brutality that an intent to kill may be presumed." Fletcher v. Commonwealth, 209 Va. 636, 640, 166 S.E.2d 269, 273 (1969) (citation omitted); see Johnson, 53 Va. App. at 103, 669 S.E.2d at 380 ("Although we have not previously held in a reported opinion that a single blow with a bare fist may constitute sufficient evidence to prove an intent to permanently injure, we hold that under the circumstances of this case the jury could make such a determination.").

"Intent is a state of mind which can be evidenced only by the words or conduct of the person who is claimed to have entertained it." Banovitch v. Commonwealth, 196 Va. 210, 216, 83 S.E.2d 369, 373 (1954) (citations omitted). The intent to maliciously wound, therefore, "may, like any other fact, be shown by circumstances." Id.

In Roark v. Commonwealth, 182 Va. 244, 251, 28 S.E.2d 693, 696 (1944), an attack with a bare fist did not constitute

5

malicious wounding.  Roark got into an argument with the victim, shouting "You don't know a . . . damned thing about what you are talking about."  Id. at 246, 28 S.E.2d at 694. "Thereupon Roark struck [the victim] with [his non-dominant hand] and knocked him down on the sidewalk."  Id. at 246, 252, 28 S.E.2d at 694, 696.  Seeing the victim's injury, Roark rushed him to the hospital and offered to pay for all his medical expenses.  Id. at 246, 28 S.E.2d at 694.  "The relation of the parties, the facts leading up to the blow, the use of the left hand or fist, and the acts of [the] defendant immediately after the blow clearly show that defendant did not intend to inflict serious bodily injury upon [the victim]." Id. at 252, 28 S.E.2d at 696.  Therefore, this Court found that the defendant did not act with the requisite intent, and as a consequence, there was insufficient evidence for a malicious wounding conviction.  Id.

However, this Court found the attendant violence and brutality that evidences an intent to maliciously wound in Shackelford v. Commonwealth, 183 Va. 423, 32 S.E.2d 682 (1945). "The accused, a strong, hale, heavy-set man, made an unprovoked attack upon a frail woman 50 years of age in her own kitchen." Id. at 426, 32 S.E.2d at 684.  Further, "[w]hile the attack apparently lasted only a few moments, it was brought to an end not by the voluntary action of the accused but by the attempts

6

of [his wife] to stop him . . . and the fact that [the victim] made her escape from the room."  Id. at 427, 32 S.E.2d 684. The defendant admitted that he had not only struck the victim, "but that he had 'followed up' the blow."  Id.  All of these actions and statements were evidence of the brutal and violent circumstances of the crime and the defendant's intent to maim. Id.

In Fletcher, 209 Va. at 638, 166 S.E.2d at 271, the defendant struck the awakening victim with a bare fist, resulting in a "blow-out fracture of the orbital floor with incarceration of muscle and the orbital tissue in the fracture."  The defendant also attacked two other individuals in the same incident.  This Court held that the assault upon the victim "with the bare fist was attended with such circumstances of violence and brutality that [there was sufficient evidence of] an intent to maim."  Id. at 640-41, 166 S.E.2d at 273.

It is proper for a court to consider not only the method by which a victim is wounded, but also the circumstances under which that injury was inflicted in determining whether there is sufficient evidence to prove an intent to maim, disfigure, disable or kill.  See Dawkins, 186 Va. at 63, 41 S.E.2d at 504. In the present case, the victim did nothing to provoke the attack, and he was hit with extreme force in a vulnerable area

7

of his body while he was defenseless and not expecting such a blow. The blow resulted in serious and disfiguring injury. Burkeen bragged of his strength and training while taunting and cursing the victim after the first blow, indicating his intent to inflict such harm upon the victim. Additionally, Burkeen was poised to attack the victim further until Taylor intervened, at which time Taylor was attacked instead. In fact, Burkeen only discontinued his attack when he heard that the police had been called.

We hold that, under the circumstances, there was sufficient evidence of violence and brutality for the circuit court to find that, although Burkeen delivered only one blow with a closed fist, he acted with malice and he intended to maim Mayer. Accordingly, we will affirm the judgment of the Court of Appeals.

Affirmed.