# 𝔐𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

## WILLIAM HARRIS v. COMMONWEALTH.

### March 22, 1928.

### Absent, Burks, J.

1. MAYHEM—*Assault and Battery—Wounding—A Bruise not Breaking the Skin not a "Wound"—Case at Bar.*—In the instant case defendant was indicted under the maiming act (section 4402 of the Code of 1919), the charge being that he "did make an assault and him, the said L. E. Collins, feloniously and maliciously did strike and wound, with intent him, the said L. E. Collins, then and there to maim, disfigure, disable and kill * *." From the evidence it appeared that defendant struck Collins with a stick, the only injury ensuing being that Collins was slightly bruised.' All the witnesses testified that Collins' skin was not broken. Accused was convicted of unlawful wounding with intent as charged.

   *Held:* That the evidence did not sustain the conviction.

2. MAYHEM—*Assault and Battery—Wounding.*—Under the maiming act (section 4402 of the Code of 1919), it is necessary, in order to constitute a wounding and support a conviction for such wounding, that the skin be broken or cut.

3. STATUTES—*Construction—Penal Statutes.*—Statutes defining new crimes should be strictly construed.

4. MAYHEM—*Section 4402 of the Code of 1919—Purpose of the Act.*—The true purpose and meaning of the maiming act (section 4402 of the Code of 1919) was doubtless conceived to be to define and punish as felonies those acts which had theretofore been considered misdemeanors only in those cases where it also appeared that there was the felonious intent to maim, disfigure, disable, or kill.

5. MAYHEM—*Assault and Battery—Indictment—Conviction of Felony—Conviction of Simple Assault and Battery—Case at Bar.*—In the instant case the indictment charged that defendant "did make an assault and him, the said L. E. Collins, feloniously and maliciously did strike and wound, with intent him, the said L. E. Collins, then and there to maim, disfigure, disable and kill * *." While the indictment was too narrow in its terms to include as a felony the bruise which was in fact inflicted upon Collins by the accused, if the indictment had also charged that the assault and bodily injury were done

maliciously with the felonious intent to maim, etc., the evidence would have been sufficient to support the conviction of felony. It is also true that the jury might, under the evidence, have found the accused either guilty or not guilty of a simple assault and battery.

6.  MAYHEM—*Assault and Battery—Indictment—Amendment—Case at Bar.*— The indictment in the instant case charged accused "did make an assault and him, the said L. E. Collins, feloniously and maliciously did strike and wound, with intent him, the said L. E. Collins, then and there to maim, disfigure, disable and kill * *." When it appeared to the court and the prosecution that while the evidence for the Commonwealth failed to show a wounding with felonious intent within the meaning of the maiming act, it was nevertheless sufficient to show bodily injury, with intent, etc., under the same statute, the prosecuting attorney should have offered to amend the indictment so as to make the allegation and proof correspond. This would have been permissible under the clause of section 4878 of the Code of 1919.

Error to a judgment of the Circuit Court of York county.

*Reversed and remanded.*

The opinion states the case.

*Channing M. Hall*, for the plaintiff in error.

*John R. Saunders, Attorney-General, Leon M. Bazile* and *Edwin H. Gibson, Assistant Attorneys-General*, for the Commonwealth.

PRENTIS, P., delivered the opinion of the court.

[1] William Harris was indicted under the maiming act, Code, section 4402, the charge being that he "did make an assault and him, the said L. E. Collins, feloniously and maliciously did strike and wound, with intent him, the said L. E. Collins, then and there to maim, disfigure, disable and kill * *."

This is a summary of the evidence:  Collins was a

foreman for the Henrico Lumber Company, in charge of laborers who were engaged in loading railroad ties on a lighter or barge, and after an absence returned to the lighter upon which the accused with other laborers were supposed to be at work. Finding these workmen idle because of one car being out of place, Collins reprimanded them for their idleness, and the accused replied that if he could not get along without cursing him he, the accused, would leave, and to pay him his money. Collins then told Harris to leave the lighter, go to the office and he would be paid off; and Collins testified that the accused, for no reason, struck him with a stick which he had been using for the purpose of carrying railroad ties, such ties being carried by three men, two in front with a stick under the tie, and the third carrying the rear end of it. The only injury claimed to have been suffered by Collins was a slight bruise over, or near, the collar bone, and all of the witnesses testified that the skin was not broken. Harris testified that at the time he struck the blow, Collins was advancing toward him with his hands in his pockets, and that he thought from his manner that Collins was going to shoot or cut him, and that he struck the blow in self-defense.

The accused was convicted of unlawful wounding with intent as charged, and sentenced to one year's confinement in the penitentiary.

[2] There are five assignments of error, but they raise a single question, and that is whether, under the maiming act, it is necessary, in order to constitute a wounding and support a conviction for such wounding, the skin must be broken or cut. As has been indicated, it is clear from the evidence that the injury inflicted in this case was a bruise, and that the skin was not broken.

Our act is closely modeled after the English statute, 9 George IV, chapter 31, section 12 (a), which provides, among other things, that if one "shall unlawfully and maliciously stab, cut, or wound any person, with intent, in any of the cases aforesaid, to maim, disfigure, or disable such person, or to do some other grievous bodily harm to such person," he shall be guilty of a felony.   Our act provides that "if any person maliciously shoot, stab, cut, or wound any person, or by any means cause him bodily injury, with intent to maim, disfigure, disable, or kill," he shall be guilty of a felony, the punishment being fixed at not less than one nor more than ten years confinement in the penitentiary.   If such act is done unlawfully but not maliciously with the same intent, the punishment is reduced to not less than one nor more than five years confinement in the penitentiary, or confinement in jail not exceeding twelve months and a fine not exceeding $500.00.

At an early date, the word "wound" in this statute was construed to mean that there must be a breaking of the skin, so that the breaking of one's collarbone and bruising him was held not to be a wounding within the meaning of the English statute.   *Rex* v. *Wood*, 6 Bingh., 4 Carr. & Payne, 19 Eng. Com. L. Rep. 430.

In Minor's Synopsis of Criminal Law (1894), page 67, the definition is thus given:   "Wounding is often defined as 'the breaking of the true skin, whether with a sharp or blunt instrument,' but not bruising; nor breaking bones; nor biting off the nose or a finger, the law contemplating the use of an instrument other than the teeth.   The medical definition of a wound, however, which the law now adopts, is, 'a recent solution of continuity in the soft parts.' "   Citing the English cases and 2 Beck's Med. Jurisp. 282.

In Bishop on Statutory Crimes (2d ed.), section 314, page 290, in discussing the maiming act, this is stated: "A 'wound' is a breach of the skin, or of the skin and flesh, produced by external violence.  *  * Without such parting of the skin, it seems, there can be no wounding; for a man was held not to be wounded when his person was bruised, and his collarbone fractured.   Yet a disruption of the internal skin—as, that within the mouth, or the membrane lining the urethra— will suffice."   And the text is supported by the authorities.

This construction of this statute seems to have been universally followed, a recent case being *State* v. *Gibson*, 67 W. Va. 548, 68 S. E. 295, 28 L. R. A. (N. S.) 965, where it is said: "As the evidence fails to show any solution or breaking of the skin of the prosecuting witness, lack of an essential element of the offense charged in the indictment is asserted, under the technical rule that there can be no wound, within the meaning of the maiming statute, without a solution or fracture of the skin.   This position seems to be well sustained by authority.   There must be a complete breaking of the skin, external or internal.   Our statute (section 9, chapter 144, Code 1906), in so far as it uses the terms 'stab, cut or wound,' is the same as the English statute of 9 Geo. IV, and the term 'wound' in that connection has been limited in its meaning to the extent above stated.   *R.* v. *Wood,* 4 Car. & P. 381.   * *  * Anything with which the skin is broken is sufficient, though blunt, provided it is a weapon other than those with which the human body is naturally provided."

[3–5] It is probable that the reason for this seemingly narrow construction of the word "wound" can be thus explained: ' First, that statutes defining new crimes

should be strictly construed, and also because of the manifest disposition to charge and prosecute as felonies under this statute offenses which theretofore had been classed as simple assaults—misdemeanors. The true purpose and meaning of the statute was doubtless conceived to be to define and punish as felonies those acts which had theretofore been considered misdemeanors only in those cases where it also appeared that there was the felonious intent to maim, disfigure, disable, or kill. However this may be, we find no sufficient reason for departing from a rule which has been so long established. It should cause no failure of justice if those engaged in criminal prosecutions are properly careful in drawing indictments, for in the very same clause of the statute it is provided that if the assailant shall cause any person bodily injury, with the same intent, it constitutes a similar crime. This indictment is too narrow in its terms to include as a felony the bruise which was in fact inflicted upon Collins by the accused. If the indictment had also charged that the assault and bodily injury were done miliciously with the felonious intent to maim, etc., the evidence would have been sufficient to support the conviction of felony. It is also doubtless true, as the jury were properly instructed in this case, that they might, under the evidence, have found the accused either not guilty, or guilty of a simple assault and battery. The court having erroneously instructed the jury, in substance, that if they believed from the evidence that the accused was guilty of malicious or unlawful wounding, they might find him guilty of a felony, and having also erroneously refused to instruct the jury that unless they believed beyond a reasonable doubt that the injury suffered by Collins from the blow alleged to have been inflicted by the accused

caused the absolute parting and breaking of the skin, they could not find the accused guilty of either malicious or unlawful wounding with intent to disfigure, disable or kill, it follows that the conviction must be set aside.

[6] We have already stated that this could have been avoided if the indictment had been drawn so as to cover the precise offense of bodily injury which the testimony for the Commonwealth tended to prove. Moreover, when it appeared to the court and the prosecution that while the evidence for the Commonwealth failed to show a wounding with felonious intent within the meaning of the maiming act, it was nevertheless sufficient to show bodily injury, with intent, etc., under the same statute, the prosecuting attorney should have offered to amend the indictment so as to make the allegation and proof correspond. This would have been permissible under the clause of section 4878 of the Code, referreing to amendments of indictments for treason or felony, reading thus: "* * if, on the trial of any case, there shall appear to be any variance between the allegations of the indictment and the evidence offered in proof thereof, it shall be competent for the court before which the trial is had to amend the said indictment, according to the proof, provided such amendment does not change the nature of the offense charged; and after such amendment the indictment as amended shall be read to the accused, and he shall be allowed to plead anew, if he so desires, and the trial shall proceed in all respects, and with the same consequences, as if no variance had occurred, unless such amendment shall operate as a surprise to the defendant, in which case the defendant shall be entitled, upon request, to a continuance of the cause."

For the error indicated, the case is remanded to the

trial court, with directions to the court to permit an amendment of the indictment, if the Commonwealth shall be advised to continue the prosecution as for a felony under the maiming act.  It appears to  be already sufficient to support a prosecution for simple assault—that is, for a misdemeanor.

*Reversed and remanded.*