**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-4585**

_____

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

FRANK VINCENT CANDILORO,

                Defendant – Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Henry E. Hudson, District Judge. (3:07-cr-00444-HEH-1)

_____

Submitted: March 30, 2009         Decided: April 14, 2009

_____

Before MOTZ, SHEDD, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Michael S. Nachmanoff, Federal Public Defender, Paul G. Gill, Assistant Federal Public Defender, Richmond, Virginia, for Appellant. Dana Boente, Acting United States Attorney, Angela Mastandrea-Miller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Frank Vincent Candiloro pled guilty to being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), (g)(9) (2006). At sentencing, the district court determined that an enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) (2006), was appropriate. The district court sentenced Candiloro to the statutory mandatory minimum sentence of fifteen years' imprisonment. Candiloro timely noted his appeal.

On appeal, Candiloro argues that the district court erred in applying the ACCA enhancement because his two Virginia convictions for unlawful wounding do not qualify as predicate, violent felony convictions for sentencing under the ACCA. See 18 U.S.C. § 924(e)(2)(B)(i). This court reviews de novo whether a prior conviction qualifies as a predicate conviction for the ACCA. United States v. Williams, 326 F.3d 535, 537 (4th Cir. 2003).

Candiloro argues that the plain meaning of the phrase "by any means" in the unlawful wounding statute, Va. Code Ann. § 18.2-51 (2004), encompasses conduct that does not involve the use, attempted use, or threatened use of physical force against the person of another. Although the phrase "by any means" standing alone could possibly be given the broad interpretation Candiloro argues for, the phrase has been narrowed by

2

established Virginia precedent.  <u>See</u> <u>Harris v. Commonwealth</u>, 142 S.E. 354, 355 (1928); <u>Harper v. Commonwealth</u>, 85 S.E.2d 249, 255 (1955) (quoting Davis' Criminal Law 353, 354).  Moreover, Candiloro fails to bring to our attention a single Virginia case that would support his interpretation of "by any means."  In light of the authoritative interpretation Virginia courts have given § 18.2-51, the district court did not err in sentencing Candiloro.  Accordingly, we affirm the judgment of the district court.  We dispense with oral argument as the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>