COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Huff, Judges Beales and AtLee
Argued at Richmond, Virginia


TYRONE BREWINGTON CONWAY

                                                          MEMORANDUM OPINION* BY
v.        Record No. 1363-14-2                            CHIEF JUDGE GLEN A. HUFF
                                                          JUNE 2, 2015

COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF LANCASTER COUNTY
                              Harry T. Taliaferro, III, Judge

              William B. Hubbard (Hubbard, Terry & Britt, P.C., on briefs), for
              appellant.

              Craig W. Stallard, Assistant Attorney General (Mark R. Herring,
              Attorney General, on brief), for appellee.


        Tyrone Brewington Conway ("appellant") appeals his conviction for malicious

wounding, in violation of Code § 18.2-51. After a bench trial in the Circuit Court of Lancaster

County ("trial court"), appellant was sentenced to twenty years' incarceration with fifteen years

and eleven months suspended. On appeal, appellant presents three assignments of error:

        1.      The [trial court] erred in denying [appellant's] motion to
                strike the indictment CR 13000263 because the evidence
                was insufficient as a matter of law to find [appellant] guilty
                of malicious wounding.

        2.      The [trial court] erred in denying [appellant's] motion to
                strike the indictment CR 13000263 because the evidence
                was insufficient as a matter of law to find [appellant] guilty
                of unlawful wounding.

        3.      The [trial court] erred in denying [appellant's] motion to
                strike the indictment CR 13000263 because the indictment

_____
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

failed to charge an offense upon which [appellant] could be tried.[1]

For the following reasons, this Court affirms the trial court's ruling.

---

[1] These assignments of error are stated as they appeared in appellant's petition for appeal, which was granted by this Court on December 18, 2014. In his opening brief on appeal, however, the assignments of error were stated as follows:

> 1. The [trial court] erred in denying [appellant's] motion to strike *the Commonwealth's case and* the indictment CR 13000263 because the evidence was insufficient as a matter of law to find [appellant] guilty of malicious wounding.
>
> 2. The [trial court] erred in denying [appellant's] motion to strike *the Commonwealth's case and* the indictment CR 13000263 because the evidence was insufficient as a matter of law to find [appellant] guilty of unlawful wounding.
>
> 3. The [trial court] erred in denying [appellant's] motion to strike *the Commonwealth's case and* the indictment CR 13000263 because the indictment failed to charge an offense upon which [appellant] could be tried.

(Emphasis added to show alterations). "While it is improper for an appellant to alter the wording of an assignment of error from that stated in the petition for appeal, non-substantive changes to an assignment of error . . . do not default the issue raised." Dowdy v. Commonwealth, 278 Va. 577, 590 n.14, 686 S.E.2d 710, 717 n.14 (2009); see also Hudson v. Pillow, 261 Va. 296, 301-02, 541 S.E.2d 556, 560 (2001) (holding that the Court could review a modified assignment of error because the modification did not allow the appellant to argue "a different question on appeal or an issue not presented to the [trial court]").

In the present case, appellant's improper alterations of the granted assignments of error do not default the issues raised because they do not allow appellant to argue different questions on appeal. Specifically, appellant conceded before the trial court, in his petition for appeal, in his opening brief, and at oral argument that the "indictment properly charges the offenses of malicious wounding . . . ." Indeed, he has never argued that the indictment should be dismissed for failing to sufficiently charge malicious wounding, but rather that "the evidence before the trial court did not support a conviction on either" malicious or unlawful wounding. Pet. for Appeal at 10. Because of this insufficient evidence, appellant argues he should have been charged with unlawfully causing a bodily injury, but he contends that the indictment failed to sufficiently charge *this* crime and, therefore, should be dismissed. This entire argument, which was copied substantially word-for-word into the opening brief from the petition for appeal, was encompassed by appellant's original assignments of error. Accordingly, appellant is not arguing a different question on appeal than what was presented in his petition; the alterations were non-substantive changes and do not default the issues raised.

- 2 -

# I. BACKGROUND

On appeal, "'we consider the evidence and all reasonable inferences flowing from that evidence in the light most favorable to the Commonwealth, the prevailing party at trial.'" Williams v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (*en banc*) (quoting Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004)). So viewed, the evidence is as follows.

On October 6, 2013, appellant's father, Cornell Conway ("Conway"), and Harry Norris ("Norris") went for a ride in Norris's truck; Conway was driving. Conway picked appellant up at a stop sign, and the three men drove to Conway's house where they ate and had a few beers. The men left Conway's house and were driving to Norris's house when appellant and Conway got into an argument. Norris testified that the last thing he remembers is driving "down [his] driveway . . . because [he] was knocked out."

Around this same time, Norris's wife, Virginia Norris ("Virginia"), heard a noise outside and observed, through the sliding doors, appellant "hitting with his fists" something on the ground. Although her perspective did not allow Virginia to see what appellant was hitting, she testified that she saw appellant make "four" motions as if he was hitting something on the ground. Virginia then went to the back door and saw Norris lying on the ground. Virginia observed that Norris was unconscious, bleeding from his eye and mouth, and his face was swollen.

Norris was taken to the emergency room where he received treatment from Dr. Virginia Gale ("Gale"). Gale testified that Norris suffered from "several blows to the face. He had swelling about both eyes. He had a bruise on the right cheek. He had hemorrhage in both eyes and the injury that concerned me the most was [his] inability to move his left eye." Gale also testified that a "very severe force" was used during the assault and that at least three blows were delivered to Norris's face.

Testifying on behalf of appellant, Conway asserted that appellant was acting in self-defense because Norris struck appellant first. According to Conway, Norris jumped out of the truck, opened the back door, and started punching appellant. Conway additionally testified that once the men were outside of the truck, appellant responded by punching Norris twice in the face, rendering him unconscious. In finding appellant guilty of malicious wounding, the trial court specifically found the Commonwealth's witnesses to be credible. This appeal followed.

## II. ANALYSIS

On appeal, appellant first contends that the trial court erred by failing to strike the indictment charging malicious wounding because the evidence was only sufficient to charge maliciously or unlawfully causing bodily injury. Specifically, appellant argues that the evidence was insufficient to support a conviction for malicious wounding for two reasons: 1) Norris was not "wound[ed]" as contemplated by Code § 18.2-51, and 2) even if Norris was wounded, the wound was not the result of a weapon.

When considering the sufficiency of the evidence presented below, we "presume the judgment of the trial court to be correct" and reverse only if the trial court's decision is "plainly wrong or without evidence to support it." Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002) (citations omitted). Therefore, we do not "substitute our judgment for that of the trier of fact." Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002). Rather, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). In doing so, this Court "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Id.

Code § 18.2-51 provides,

> If any person maliciously shoot, stab, cut or wound any person or by any means cause him bodily injury, with the intent to maim, disfigure, disable, or kill, he shall, except where it is otherwise provided, be guilty of a Class 3 felony. If such act be done unlawfully but not maliciously, with the intent aforesaid, the offender shall be guilty of a Class 6 felony.

In interpreting this statute, the Supreme Court has stated that "[t]o 'shoot, stab, cut or wound,' under the statute[2] comprise distinct offenses, and to cause bodily injury is likewise a distinct offense." Johnson v. Commonwealth, 184 Va. 409, 416, 35 S.E.2d 594, 597 (1945) (interpreting an earlier, but identical in all relevant parts, version of Code § 18.2-51). Indeed, "[i]f a wound . . . includes any injury, then there is no reason for the language in the statute 'or by any means cause him bodily injury . . . .'" Id.; see also Ronald J. Bacigal, Virginia Practice: Criminal Offenses and Defenses 46-48 (2014-15 ed.).[3] All offenses under Code § 18.2-51, however, require that the defendant have the "intent to maim, disfigure, disable, or kill." See Burkeen v. Commonwealth, 286 Va. 255, 259, 749 S.E.2d 172, 174 (2013) (malicious wounding); Fletcher

___

[2] In 1945, the statute, Section 4402, read,

> If any person maliciously shoot, stab, cut, or wound any person or by any means cause him bodily injury, with intent to main, disfigure, disable, or kill, he shall, except where it is otherwise provided, be punished by confinement . . . not less than one nor more than ten years. If such act be done unlawfully, but not maliciously, with the intent aforesaid, the offender shall, in the discretion of the jury, be confined . . . not less than one nor more than five years . . . .

[3] Bacigal notes that Code § 18.2-51 proscribes

> four [distinct] crimes: malicious wounding; maliciously causing bodily injury; unlawful wounding; and unlawfully causing bodily injury. The distinction between wounding and causing bodily injury lies in the weapon used and the harm inflicted. The distinction between the malicious crimes and the unlawful crimes lies in the presence or absence of provocation.

Bacigal at 46.

v. Commonwealth, 209 Va. 636, 640, 166 S.E.2d 269, 273 (1969) (causing bodily injury); Shackelford v. Commonwealth, 183 Va. 423, 426, 32 S.E.2d 682, 684 (1945) (unlawful wounding). This means the defendant must "intend to permanently, not merely temporarily, harm another person." Burkeen, 286 Va. at 259, 749 S.E.2d at 174.

Considering this distinction, the Supreme Court has, for the purposes of Code § 18.2-51, defined what constitutes a "wound," and described how a "wound" is distinct from a "bodily injury." Specifically, in Harris v. Commonwealth, 150 Va. 580, 142 S.E. 354 (1928), the Supreme Court first held that to be convicted under the malicious wounding statute, it is necessary that the victim's skin be broken or cut. 150 Va. at 585, 142 S.E. at 355. This holding was repeated in Johnson, 184 Va. 409, 35 S.E.2d 594, wherein the Supreme Court noted that "'[a] "wound" is a breach of the skin, or of the skin and flesh, produced by external violence . . . . Without such parting of the skin, it seems, there can be no wounding; for a man was held not to be wounded when his person was bruised, and his collarbone fractured.'" 184 Va. at 413, 35 S.E.2d at 595 (quoting Harris, 150 Va. at 584, 142 S.E. at 355 (citing Bishop on Statutory Crimes (2d ed.), section 314, page 290)).[4]

The breaking of the skin, however, need not be external to the body in order to sustain a conviction for malicious wounding. In Shackelford, the Supreme Court held that "a breach of the skin *within* the nose" constituted a "wounding" for the purposes of the malicious wounding statute. 183 Va. at 426, 32 S.E.2d at 684. Additionally, in Harris, the Supreme Court noted that

---

[4] In Johnson, 184 Va. at 416-17, 35 S.E.2d at 597, the Supreme Court held that two broken ribs does not constitute a wounding as contemplated by the statute and, therefore, reversed the defendant's unlawful wounding conviction. Notwithstanding, three judges, in a concurrence, argued that under the predecessor to Code § 18.2-51, broken ribs should be sufficient to sustain a conviction of unlawful wounding because they constitute a "bodily injury" and the "degree of [the] offense" did not change based upon whether the conviction was for wounding or causing bodily injury. Id. at 422, 35 S.E.2d at 599-600.

"a disruption of the internal skin – as, that within the mouth, or the membrane lining the urethra – will suffice." 150 Va. at 584, 142 S.E. at 355.

In the present case, appellant first argues that the evidence failed to establish that Norris suffered a "wound" as is contemplated by Code § 18.2-51. We disagree. The evidence established that after appellant's attack on Norris ceased, Norris was unconscious, bleeding from his eye and mouth, and his face was swollen. Additionally, the emergency room physician who treated Norris testified that Norris suffered from "several blows to the face . . . [and] had a hemorrhage in both eyes . . . ." From this evidence, a reasonable trier of fact could have determined that Norris was cut inside or around his mouth or eye and thereby suffered a "wound" as is contemplated by Code § 18.2-51.

Nevertheless, appellant alternatively contends that even if Norris suffered a wound, the evidence was still insufficient to support his conviction for malicious wounding. Specifically, he argues that a malicious wounding conviction requires that the breaking of the skin be accomplished by a weapon other than those with which the body is naturally provided and, in the present case, appellant only attacked Norris with his fists. In support of this argument, appellant relies primarily on Harris, 150 Va. 580, 142 S.E. 354.

In Harris v. Commonwealth, the "single question" presented on appeal was whether "it is necessary, in order to constitute a wounding and support a conviction for such wounding, the skin must be broken or cut." 150 Va. at 582, 142 S.E. at 355. In answering this question, the Supreme Court held that "[a] wound is a breach of the skin, or of the skin and flesh, produced by external violence . . . . Without such parting of the skin, it seems, there can be no wounding." Id. at 584, 142 S.E. at 355 (internal quotation omitted). The evidence in Harris, however, demonstrated that the victim's "only injury . . . was a slight bruise over, or near, the collar bone, and all of the witnesses testified that the skin was not broken." Id. at 582, 142 S.E. at 354.

Consequently, the defendant's conviction for malicious wounding was reversed. Id. at 587, 142 S.E. at 356.

In reaching this conclusion in Harris, the Supreme Court started its analysis by noting that our malicious wounding statute is "closely modeled after the English statute, 9 George IV, chapter 31, section 12(a) . . . ." Id. at 583, 142 S.E. at 355. Continuing, it cited a West Virginia Supreme Court case, State v. Gibson, 68 S.E. 295 (W.Va. 1910), whose statute also resembles the English statute. Id. In Gibson, the West Virginia Supreme Court stated that "'[a]nything with which the skin is broken is sufficient, though blunt, *provided it is a weapon other than those with which the human body is naturally provided*.'" Id. at 584, 142 S.E. at 355 (emphasis added) (quoting Gibson, 68 S.E. at 296). Appellant seizes upon this language in Harris, quoting Gibson, to argue that to convict for malicious wounding under Code § 18.2-51 the "wound" must result from a weapon other than that with which the human body is naturally provided. Accordingly, because appellant only attacked Norris with his fists, he argues his conviction for malicious wounding should be reversed.

This Court notes, however, that the quote from Harris upon which appellant relies was *dictum*. As mentioned above, the only question at issue in Harris was whether the victim's injury – a slight bruise over, or near, the collarbone – constituted a "wound." As such, the opinion's language regarding the means used to cause the wound was not responsive to the question presented and is, therefore, not binding. See Simon v. Commonwealth, 58 Va. App. 194, 201, 708 S.E.2d 245, 248-49 (2011) ("*Dictum*, defined as language in an opinion that is 'not responsive to the question presented and . . . not necessary to a disposition of the case,' 'cannot serve as a source of binding authority in American jurisprudence.'" (internal citations omitted)).

Conversely, our Supreme Court noted in Dawkins v. Commonwealth, 186 Va. 55, 63, 41 S.E.2d 500, 504 (1947) (quoting M'Whirt's Case, 44 Va. (3 Gratt.) 594, 610 (1846)), "that the

- 8 -

same malicious and unlawful results can be accomplished 'with the weapons endowed by nature' as can be accomplished by more deadly artificial weapons." Furthermore, it is this principle from Dawkins, not the *dictum* from Harris, that has become the law of malicious wounding in Virginia. Indeed, both this Court and the Supreme Court have repeatedly affirmed convictions for malicious and unlawful wounding when only fists were used to produce the wound. See, e.g., Burkeen, 286 Va. at 261, 749 S.E.2d at 175-76; Shackelford, 183 Va. at 427, 32 S.E.2d at 684 (unlawful wounding conviction upheld when only fists used); Johnson v. Commonwealth, 53 Va. App. 79, 669 S.E.2d 368 (2008); Smith v. Commonwealth, No. 1266-12-1, 2013 Va. App. LEXIS 383, at *20-23 (Va. Ct. App. Dec. 17, 2013); Jenkins v. Commonwealth, No. 0967-10-4, 2002 Va. App. LEXIS 660, at *5-8 (Va. Ct. App. Nov. 5, 2002); Clark v. Commonwealth, No. 2226-99-2, 2000 Va. App. LEXIS 728, at *3-6 (Va. Ct. App. Nov. 14, 2000); Walker v. Commonwealth, No. 1126-93-3, 1994 Va. App. LEXIS 514, at *4-6 (Va. Ct. App. July 26, 1994) (specifically holding that Code § 18.2-51 "*does not limit the means employed*" to cause a wound (emphasis added)).

Accordingly, this Court rejects appellant's argument that a weapon other than that with which the body is naturally provided must be used to cause the wound. As such, appellant's conviction under an indictment properly charging malicious wounding is affirmed.[5]

### III. CONCLUSION

Based on the foregoing, this Court affirms the trial court's ruling.

Affirmed.

---

[5] Given our holding on appellant's first assignment of error that his conviction for malicious wounding must be affirmed, we need not reach – and do not reach – appellant's second and third assignments of error, which challenged the sufficiency of the evidence to prove unlawful wounding and the sufficiency of the indictment to charge unlawfully causing a bodily injury respectively. See Morris v. City of Va. Beach, 59 Va. App. 172, 180, 707 S.E.2d 479, 482 (2011) (noting this Court decides cases on "'the best and narrowest ground available'" (quoting Armstead v. Commonwealth, 56 Va. App. 569, 576, 695 S.E.2d 561, 564 (2010))).