COURT OF APPEALS OF VIRGINIA

Present:    Judges Frank, Kelsey and Senior Judge Bumgardner
Argued at Salem, Virginia


JERMAINE ANTOINE ENGLISH
                                                        OPINION BY
v.        Record No. 1638-10-3                JUDGE D. ARTHUR KELSEY
                                                        OCTOBER 4, 2011
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF ROANOKE COUNTY
Charles N. Dorsey, Judge

Thomas E. Strelka (Strickland, Diviney & Strelka, on brief),
for appellant.

Gregory W. Franklin, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


The trial court found Jermaine Antoine English guilty of maliciously causing bodily

injury in violation of Code § 18.2-51.  On appeal, English challenges the sufficiency of the

evidence offered to convict him of this offense.  We find the evidence sufficient and affirm his

conviction.

I.

On appeal, we review the evidence in the "light most favorable" to the Commonwealth.

Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003).  This principle

requires us to "discard the evidence of the accused in conflict with that of the Commonwealth,

and regard as true all the credible evidence favorable to the Commonwealth and all fair

inferences to be drawn therefrom."  Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755,

759 (1980) (emphasis and citation omitted).

In addition, an appellate court's "examination is not limited to the evidence mentioned by

a party in trial argument or by the trial court in its ruling."  Perry v. Commonwealth, 280 Va.

572, 580, 701 S.E.2d 431, 436 (2010) (quoting Bolden v. Commonwealth, 275 Va. 144, 147, 654 S.E.2d 584, 586 (2008)). Instead, "an appellate court must consider all the evidence admitted at trial that is contained in the record." Id. (quoting Bolden, 275 Va. at 147, 654 S.E.2d at 586); see also Hamilton v. Commonwealth, 279 Va. 94, 103, 688 S.E.2d 168, 173 (2010).

So viewed, the evidence at trial established that English and his girlfriend, Lauren Wills, argued one afternoon in a bedroom on the second floor of his home. Both had been using cocaine. English accused Wills of being unfaithful and for allowing the other man to steal money from him. When Wills denied the accusations, English choked her, forced her onto the bed, and punched her several times in the face, ribs, arms, and abdomen, where her liver had previously been lacerated. The beating lasted for "quite some time," Wills testified, and included twenty-five to thirty blows.

Wills testified that, in an effort to stop the beating, she falsely admitted to English's accusations. English then ordered her downstairs. English followed her, stating he would kill the man Wills allegedly had sex with. Working himself into another rage, English struck Wills until she fell off a couch. English then kicked Wills in her back as she lay on the floor. Wills testified the kick caused an "intense shooting pain" through her back, leaving her barely able to move.

After English allowed Wills to leave, Wills drove to a nearby gas station and met her sister, who arranged for an ambulance to take Wills to a local hospital. Wills, shaking and crying, had red marks covering her face, arms, neck, and head, and her shirt was torn. Her back pain prevented her from exiting her vehicle unassisted.

At trial, approximately nine months later, Wills testified she continued to have "severe back pain." She had sustained "a lot of nerve damage" that caused "nerve pain" to radiate through her back. She had been receiving medical treatment from her primary care physician,

was currently scheduled to see "a pain management doctor," and had been prescribed "nerve medication" for her ongoing pain syndrome. "Any time anything touches my back or at all," she testified, "I feel intense nerve pain just because it's so hypersensitive." "And it causes me a lot of pain just to sit," she added, "just because anything touching my back just causes my nerve pain to kind of radiate through my back from all the nerve damage that I had."[1]

Sitting as factfinder, the trial court found English guilty of "malicious wounding" under Code § 18.2-51. The court concluded the evidence did not "meet the requirements for shoot, cut, stab, or the case law definition of wounding being a breach of the skin or the skin and flesh produced by external violence." But the evidence did prove, the court held, that Wills sustained a "bodily injury" within the meaning of Code § 18.2-51.[2]

## II.
### A.  STANDARD OF APPELLATE REVIEW

We examine a trial court's factfinding "with the highest degree of appellate deference." Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006). An appellate court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Williams v. Commonwealth, 278 Va. 190, 193, 677 S.E.2d 280, 282 (2009) (emphasis in original) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). Instead, the only "relevant question is, after reviewing the evidence in the light most favorable to the prosecution, whether *any* rational trier of fact could have found the essential elements of the

---

[1] English testified at trial. He admitted arguing with Wills but denied using cocaine and claimed he only "smacked" Wills with an open hand a couple of times. When pronouncing its ruling, the trial court found "a good deal of [English's] testimony to be frankly incredible." Sitting as factfinder, the trial court "was at liberty to discount [the defendant's] self-serving statements as little more than lying to conceal his guilt." Armstead v. Commonwealth, 56 Va. App. 569, 581, 695 S.E.2d 561, 567 (2010) (citation and internal quotation marks omitted).

[2] The trial court also found English guilty of abduction, a violation of Code § 18.2-47. English did not challenge this conviction in his petition for appeal.

crime beyond a reasonable doubt." Sullivan v. Commonwealth, 280 Va. 672, 676, 701 S.E.2d 61, 63 (2010) (emphasis added) (citing Jackson, 443 U.S. at 319).

In a bench trial, a trial judge's "major role is the determination of fact, and with experience in fulfilling that role comes expertise." Haskins v. Commonwealth, 44 Va. App. 1, 11, 602 S.E.2d 402, 407 (2004) (citation omitted). On appeal, "the reviewing court is not permitted to substitute its judgment, even if its view of the evidence might differ from the conclusions reached by the finder of fact at the trial." Commonwealth v. McNeal, 282 Va. 16, 20, 710 S.E.2d 733, 735 (2011) (citation omitted); see Courtney v. Commonwealth, 281 Va. 363, 368, 706 S.E.2d 344, 347 (2011). We are "not permitted to reweigh the evidence," Nusbaum v. Berlin, 273 Va. 385, 408, 641 S.E.2d 494, 507 (2007), because appellate courts have no authority "to preside *de novo* over a second trial," Haskins, 44 Va. App. at 11, 602 S.E.2d at 407.

### B. CODE § 18.2-51 — SUFFICIENCY OF THE EVIDENCE

Often labeled the malicious wounding statute, Code § 18.2-51 makes it a Class 3 felony for any person to "maliciously shoot, stab, cut, or wound" another person "or by any means cause him bodily injury, with the intent to maim, disfigure, disable, or kill . . . ." The label is misleading, however, because malicious *wounding* is only one of several acts violative of the statute. See Johnson v. Commonwealth, 184 Va. 409, 415-16, 35 S.E.2d 594, 596 (1945). Even if the victim is not shot, stabbed, cut, or wounded, a defendant still violates the statute if he "by any means" causes the victim "bodily injury." Dawkins v. Commonwealth, 186 Va. 55, 64, 41 S.E.2d 500, 505 (1947) (interpreting a predecessor to Code § 18.2-51).

Given its disjunctive syntax, the "statute has been more broadly interpreted to include *any* bodily injury." Campbell v. Commonwealth, 12 Va. App. 476, 483, 405 S.E.2d 1, 4 (1991) (*en banc*) (emphasis added). We give the phrase "bodily injury" its "everyday, ordinary meaning," Luck v. Commonwealth, 32 Va. App. 827, 832, 531 S.E.2d 41, 43 (2000), which needs no

- 4 -

technical, anatomical definition. "Bodily injury comprehends, it would seem, *any bodily hurt whatsoever.*" Bryant v. Commonwealth, 189 Va. 310, 316, 53 S.E.2d 54, 57 (1949) (emphasis in original) (quoting John B. Minor, Synopsis of the Law of Crimes and Punishments 67 (1894)) (interpreting a predecessor statute). It includes any "detriment, hurt, loss, impairment" that could fairly be considered an injury to the human body. Johnson, 184 Va. at 416, 35 S.E.2d at 596 (citation omitted); see, e.g., Dawkins, 186 Va. at 62, 41 S.E.2d at 504 (breaking the victim's nose and "kneeing his genital organs" constituted a bodily injury).

To prove a bodily injury, the victim need not experience any observable wounds, cuts, or breaking of the skin.[3] Nor must she offer proof of "broken bones or bruises." Luck, 32 Va. App. at 831-32, 531 S.E.2d at 43 (interpreting "bodily injury" under Code § 18.2-51.1). Bodily injury "includes soft tissue injuries, at least those which require medical attention and have some residual effect." Ronald J. Bacigal, Criminal Offenses and Defenses 46 (2010-11 ed.) (citing Luck in a footnote). Thus, internal injuries — no less than external injuries — fall within the scope of Code § 18.2-51.

Governed by these principles, we find ample evidence in the record to support the trial court's finding that English's beating of Wills caused her "bodily injury" under Code § 18.2-51.[4]

---

[3] Our opinions often focus on the definition of a wound as "a breach of the skin" or a "disruption of the internal skin" of the victim. Johnson v. Commonwealth, 58 Va. App. 303, 317, 709 S.E.2d 175, 182 (2011) (citation omitted) (relying on the "continuing validity" of Harris v. Commonwealth, 150 Va. 580, 142 S.E. 354 (1928)). This certainly remains true for the "wounding" crime contained in Code § 18.2-51: *Wounding* requires a showing of a breach or disruption of the skin. "Since Harris, however, the statute has been more broadly interpreted to include any bodily injury." Campbell, 12 Va. App. at 483, 405 S.E.2d at 4 (citing Bryant, 189 Va. at 316-17, 53 S.E.2d at 57).

[4] English does not dispute on appeal the trial court's finding that he intended "to maim, disfigure, disable, or kill," an element of Code § 18.2-51. We thus do not address this issue. See Rule 5A:12(c)(1). In a single sentence in his appellate brief, English states he did not act "with malice." Appellant's Br. at 1. We do not address this point, however, because unsupported assertions of error "do not merit appellate consideration." Jones v. Commonwealth, 51 Va. App.

The beating lasted for a sustained period of time, involved as many as twenty-five to thirty blows, and caused Wills "intense shooting pain," temporarily leaving her barely able to move. Months later, at the time of English's trial, Wills was still partially incapacitated and continued to need medical treatment for her nerve damage and chronic radiating pain. These facts are more than sufficient for a factfinder to rationally conclude Wills sustained a bodily injury. See, e.g., Luck, 32 Va. App. at 832, 531 S.E.2d at 43 (finding evidence sufficient where victim sustained "soft-tissue injuries that required medical treatment" and suffered "pain and stiffness").[5]

English argues the absence of any expert medical testimony renders the evidence at trial insufficient as a matter of law. We recently rejected this argument as to the "wounding" aspect of Code § 18.2-51. Johnson v. Commonwealth, 58 Va. App. 303, 316, 709 S.E.2d 175, 182 (2011). Finding "no Virginia authority that requires the testimony of a medical professional or similar expert evidence to show that a victim was wounded," id., we refused to judicially graft such a requirement into the statute. We reach the same conclusion in this case with respect to the "bodily injury" aspect of Code § 18.2-51.

In many contexts, Virginia law has recognized that, "on matters strictly involving medical science, as such, some special skill is needed, yet there are numerous related matters, involving health and bodily soundness, upon which the ordinary experience of everyday life is entirely sufficient." Pepsi-Cola Bottling Co. v. McCullers, 189 Va. 89, 97, 52 S.E.2d 257, 260 (1949) (quoting 2 John H. Wigmore, A Treatise of Anglo-American System of Evidence in

---

730, 734-35, 660 S.E.2d 343, 345 (2008) (citation and internal quotation marks omitted) (underscoring the importance of Rule 5A:20(e)).

[5] In his appellate brief, English states that an indictment charging bodily injury "other than stabbing, shooting, cutting, or wounding" should specify the means by which the injury was caused. Appellant's Br. at 7. We do not address this issue, however, because it was not raised in the trial court, see Code § 19.2-227; Fletcher v. Commonwealth, 209 Va. 636, 639, 166 S.E.2d 269, 272 (1969) (applying the statute of jeofails to a similar contention), and was not the subject of an assignment of error in his petition for appeal, see Rule 5A:12(c).

Trials at Common Law § 568, at 660 (3d ed. 1940)); see also Speller v. Commonwealth, 2 Va. App. 437, 441, 345 S.E.2d 542, 545 (1986) (noting "the longstanding Virginia rule is that a witness need not be a medical expert to offer testimony concerning a person's physical condition").[6]  "Great liberality should be shown by the courts in applying this principle, so that the cause of justice may not be obstructed by narrow and finical rulings."  McCullers, 189 Va. at 97, 52 S.E.2d at 260 (citation omitted).  This observation surely applies where, as here, the victim of a violent attack testifies the beating caused her to suffer intense radiating nerve pain of such a degree that she remains partially incapacited from participating in many ordinary activities of life.

III.

We affirm English's conviction, finding the evidence sufficient to prove he caused bodily injury in violation of Code § 18.2-51.

Affirmed.

---

[6] "The only safe rule in any of these cases is to ascertain the extent of the witness' qualifications, and within their range to permit him to speak.  Cross-examination and the testimony of others will here, as in all other cases, furnish the best means of testing his value."  2 John H. Wigmore, Evidence in Trials at Common Law § 568, at 779-80 (James H. Chadbourn rev. 1979) (citation omitted).