**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2330
_____

JOANNE BUSHNELL, a/k/a Joanne Bushell,
                                                          Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                          Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A023-506-692)
Immigration Judge:  Honorable Charles M. Honeyman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 5, 2013
Before:  FUENTES, HARDIMAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: June 6, 2013)
_____

OPINION
_____

PER CURIAM

Joanne Bushnell ("Bushnell") petitions for review of the Board of Immigration

Appeals' final order of removal.  For the reasons that follow, we will deny the petition for

review.

Bushnell, a native and citizen of Barbados, was admitted into the United States in April of 1983 as a lawful permanent resident. On April 3, 1997, Bushnell pleaded guilty in the Prince William County Circuit Court of Virginia to "unlawful wounding" in violation of section 18.2-51 of the Virginia Code. She was sentenced to five years imprisonment. That sentence was suspended conditioned upon her successful completion of four years of probation. On January 23, 2009, Bushnell was served with a Notice to Appear, which charged, in pertinent part, that she was removable under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien who has been convicted of an aggravated felony as defined by 8 U.S.C. § 1101(a)(43)(F) (crime of violence for which term of imprisonment is at least one year).

Bushnell ultimately appeared with counsel before an Immigration Judge ("IJ"). Bushnell denied that she was convicted of an aggravated felony, and requested that the removal proceedings against her be terminated. On May 24, 2010, the IJ found Bushnell removable as charged. The IJ noted that a conviction under Va. Code Ann. § 18.2-51 is an aggravated felony, and, insofar as Bushnell did not request and appeared ineligible for any form of relief, ordered her removed to Barbados.

Bushnell filed a counseled appeal with the Board of Immigration Appeals ("BIA"). In an order issued on April 12, 2012, the BIA affirmed the IJ's decision ordering Bushnell removed as an alien convicted of an aggravated felony. The BIA

2

concluded that Bushnell's "unlawful wounding" conviction amounted to a "crime of violence" as set forth in 18 U.S.C. § 16 for which the term of imprisonment was at least one year, and was thus an aggravated felony under 8 U.S.C. § 1101(a)(43)(F), rendering her removable. The BIA rejected Bushnell's contentions that her suspended sentence did not satisfy the required period of incarceration, and that the possibility of a conviction for merely causing "bodily injury" to a victim under Va. Code. Ann. § 18.2-51 precluded a determination that her conviction was for a crime of violence. The BIA thus dismissed her appeal. Bushnell then timely petitioned for review.

We will deny the petition for review. We have jurisdiction over Bushnell's petition for review pursuant to 8 U.S.C. § 1252(a)(2)(D). See Garcia v. Att'y Gen., 462 F.3d 287, 290-91 (3d Cir. 2006). Because Bushnell was found removable for having committed an aggravated felony, our review is limited to questions of law and constitutional claims. Kaplun v. Att'y Gen., 602 F.3d 260, 265 (3d Cir. 2010). We exercise plenary review over Bushnell's legal argument that she was not convicted of an aggravated felony. See Restrepo v. Att'y Gen., 617 F.3d 787, 790 (3d Cir. 2010).

We conclude that the agency did not err in determining that Bushnell's conviction is an aggravated felony under the INA. Included in the INA's definition of aggravated felony is "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year." 8

3

U.S.C. § 1101(a)(43)(F).[1]  Section 16 of Title 18 defines a "crime of violence" to mean:

"(a) an offense that has as an element the use, attempted use, or threatened use of

physical force against the person or property of another, or (b) any other offense that is a

felony and that, by its nature, involves a substantial risk that physical force against the

person or property of another may be used in the course of committing the offense."  18

U.S.C. § 16.

We generally employ the "formal categorical approach" announced in Taylor v.

United States, 495 U.S. 575 (1990), to determine whether an offense falls within the

category "crime of violence."  See Singh v. Ashcroft, 383 F.3d 144, 148 (3d Cir. 2004).

Using that analysis, we look at the statutory elements of the specific offense and ascertain

the least culpable conduct necessary to sustain a conviction.  Taylor, 495 U.S. at 600.

We do not consider the particular facts underlying a conviction.  Id.  Where the statute

criminalizes different kinds of conduct, some of which would constitute an aggravated

felony and some of which would not, we apply a "modified categorical approach" and

look beyond the statutory elements to determine the particular part of the statute under

which the immigration petitioner actually was convicted.  See generally Garcia, 462 F.3d

at 292.  In such instances, we may consider the record of conviction (e.g., indictment,

plea agreement, criminal judgment, etc.), see Singh v. Att'y Gen., 677 F.3d 503, 512 (3d

---

[1]  Although on appeal to the BIA Bushnell disputed the fact that her five year suspended sentence amounted to a sentence of "not less than one year of imprisonment," she does not advance that argument before this Court.

Cir. 2012), and "any explicit factual finding by the trial judge to which the defendant assented." Shepard v. United States, 544 U.S. 13, 16 (2005).

Section 18.2-51 of the Virginia Code provides in pertinent part that:

> If any person maliciously shoot, stab, cut, or wound any person or by any means cause him bodily injury, with the intent to maim, disfigure, disable, or kill, he shall, except where it is otherwise provided, be guilty of a Class 3 felony. If such act be done unlawfully but not maliciously, with the intent aforesaid, the offender shall be guilty of a Class 6 felony.

Va. Code Ann. § 18.2-51. We agree with the BIA that § 18.2-51 sets forth four distinct offenses: (1) malicious wounding; (2) maliciously causing bodily injury; (3) unlawful wounding; and (4) unlawfully causing bodily injury, with different penalties. See Johnson v. Commonwealth, 35 S.E.2d 594, 596-97 (Va. 1945) (recognizing that broadening of the statute to include "to cause bodily injury" introduced a new and distinct offense "made up of new elements"); see also Dawkins v. Commonwealth, 41 S.E.2d 500, 505 (Va. 1947) (noting that malicious stabbing and maliciously causing bodily injury by any means are distinct cognate offenses, subject to the same classification as a felony). As such, § 18.2-51 is disjunctive and invites inquiry into the specifics of Bushnell's conviction to determine the particular offense under which she was convicted.[2]

---

[2] We recognize that the Fifth Circuit Court of Appeals has concluded that the Va. Code Ann. § 18.2-51 defines only two offenses (e.g., malicious wounding and unlawful wounding). See Singh v. Holder, 568 F.3d 525, 528 (5th Cir. 2009). In concluding that unlawful wounding is a categorical crime of violence under 18 U.S.C. § 16(a), the Court noted that the appellant did not argue that a person could commit an unlawful wounding

5

Bushnell's conviction documents (the sentencing order, conviction, and the indictment) identify the offense to which she pleaded guilty as unlawful wounding under § 18.2-51. The BIA concluded that the elements of Bushnell's conviction under § 18.2-51 are encompassed by the language of 18 U.S.C. § 16, and thus amount to an aggravated felony as defined by 8 U.S.C. § 1101(a)(43)(F). Insofar as the offender must act with the intent to "maim, disfigure, disable, or kill" the victim, and must cause the victim's skin to be broken through the use of an external weapon, see Johnson, 35 S.E.2d at 596; English v. Commonwealth, 715 S.E.2d 391, 395 n.3 (Va. Ct. App. 2011), the agency was correct in its determination that the offense of unlawful wounding under Va. Code Ann. § 18.2-51 is one that has as an element the use of physical force against the person of another within the meaning of 18 U.S.C. § 16(a). See Singh, 568 F.3d at 529-30.

Additionally, Bushnell has posited no meritorious argument as to how the offense of unlawful wounding – a Class 6 felony under Virginia law punishable by "a term of imprisonment of not less than one year nor more than five years," Va. Code Ann. § 18.2-10(f) – with the offender's intent to "maim, disfigure, disable, or kill" and the resulting "breach or disruption of the skin" of the victim, see English, 715 S.E.2d at 395 n.3, does not amount to an offense that, by its nature, involves a substantial risk that physical force may be used during the commission of the offense. Accordingly, we likewise agree with

that does not constitute a crime of violence, nor did the appellant "attempt to parse the statute's language." Id. at 529. However, that is just what petitioner does in the instant case.

6

the BIA's determination that Bushnell's unlawful wounding conviction is a crime of violence under 18 U.S.C. § 16(b), and she is thus removable as charged.

For the foregoing reasons, we will deny the petition for review.