COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Beales and Lorish

ANDREW GORDON LUCK

MEMORANDUM OPINION[*] BY
v.      Record No. 0906-23-2      CHIEF JUDGE MARLA GRAFF DECKER
JUNE 18, 2024

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF NEW KENT COUNTY
B. Elliott Bondurant, Judge

(Charles E. Haden, on brief), for appellant.

(Jason S. Miyares, Attorney General; Victoria Johnson, Senior
Assistant Attorney General, on brief), for appellee.


Andrew Gordon Luck appeals his conviction for strangulation in violation of Code

§ 18.2-51.6. He argues that the evidence was insufficient to sustain his conviction because the

victim's testimony was not credible and the Commonwealth failed to prove that she suffered a

bodily injury. After reviewing the record, we conclude that the evidence was sufficient to

support the conviction. Therefore, we affirm the trial court's judgment.[1]

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Having examined the briefs and record in this case, the panel unanimously holds that
oral argument is unnecessary because "the appeal is wholly without merit." *See* Code
§ 17.1-403(ii)(a); Rule 5A:27(a). In addition, "the dispositive issue or issues have been
authoritatively decided," and the appellant "has not argued that the case law should be
overturned, extended, modified, or reversed." *See* Code § 17.1-403(ii)(b); Rule 5A:27(b).

This case arises from an encounter that the appellant had with K.L. on August 19, 2022.[3] The two were divorced and shared custody of their two children. At the time, the boys were eleven and twelve years old.

Earlier on the day in question, K.L. texted the appellant that she was "not well" and needed his help. Around dusk, the appellant went to her home to pick up his sons for visitation. While he was at her house, he asked K.L. if she "had life insurance and if the children would be provided for if something were to happen to [her]." K.L. told him that "everything would be in a trust" and not available to him, and the appellant called her a "horrible" and "terrible" mother. She told him to leave, but he got on top of her as she sat on the sofa. The appellant put his left hand around her neck and pushed on it while covering her mouth and nose with his right hand. K.L. could not breathe or move her arms, and she urinated on herself. K.L. did not know how long his hands were around her neck and did not "recall him getting off of" her, but "the next thing [she] knew," he was sitting "in the chair across the room." She screamed for her younger sons to come downstairs and told them the appellant "was choking" her. K.L. called 911 while her adult son from a previous marriage, who had also been upstairs, removed the appellant from the house.

New Kent County Deputy Schuyler Sibley arrived "a few minutes" later. He noticed that K.L. had been crying and was "in distress" and "very upset." Her breath smelled like alcohol, and she slurred her words. She admitted that she had been drinking alcohol. The officer took

---

[2] We recite the facts "in the light most favorable to the Commonwealth, the prevailing party at trial." *Wandemberg v. Commonwealth*, 70 Va. App. 124, 132-33 (2019) (quoting *Severance v. Commonwealth*, 67 Va. App. 629, 647 (2017)).

[3] We identify the victim as K.L. to protect her privacy.

photographs of K.L.'s neck, which he testified was "irritat[ed]" and had a "small abrasion to the skin."

The Commonwealth charged the appellant with strangulation in violation of Code § 18.2-51.6. At the trial, K.L. testified that she had two or three glasses of wine that morning but did not drink any alcohol after 10:00 a.m. She said that if she slurred her words, it was "due to the strangulation that had occurred." K.L. stated that the appellant's hand left red and purple marks on her neck and her voice "may have been a little raspy" in the days after the attack.

Forensic nurse Megan Pond testified about her examination of K.L. which occurred four days after the attack. K.L.'s description of the incident to Pond was generally consistent with K.L.'s testimony. Pond noted that at the time of the examination, K.L. had a red mark on her neck and spoke in a "raspy hoarse voice." The court admitted Pond as an expert witness regarding strangulation. Pond opined that strangulation can cause urinary incontinence when it impedes the flow of blood or oxygen to the brain, causing parts of the body to "shut[] down to protect . . . major organs."

The appellant testified in his own defense, giving a different version of events. He said that K.L. texted him because "[s]he wanted [him] to clean" her house. According to him, she was intoxicated when he arrived and yelled at him for allegedly trespassing. He said K.L. "started shoving [him] towards the door" and would not let him pick up his children. He testified that he grabbed her face, squeezed it, and pushed her against the wall to get her off him. He denied grabbing her throat or choking her.

In his motions to strike the evidence and in his closing argument, the appellant argued that the Commonwealth did not present sufficient evidence to support his convictions. He suggested that the evidence did not prove that K.L. had suffered a bodily injury. The appellant also challenged K.L.'s credibility, characterizing her version of events as "perplexing" and

claiming his testimony was "much more believable." The trial court denied the motions and convicted the appellant of strangulation in violation of Code § 18.2-51.6.[4] In doing so, the court, as trier of fact, expressly found that K.L.'s account was credible. The court noted that the appellant had two prior felony convictions and "appeared very agitated" and "excitable" during his testimony.

The appellant was sentenced to five years' imprisonment with two years and six months suspended.

ANALYSIS

The appellant contends that the evidence was insufficient to convict him of strangulation because the victim's testimony was not credible and the Commonwealth failed to prove that she suffered a bodily injury.[5]

I. Standard of Review

This Court is guided by well-established legal principles when considering the sufficiency of the evidence on appeal. We "view the evidence in the light most favorable to the Commonwealth, the prevailing party at trial." *Wandemberg v. Commonwealth*, 70 Va. App. 124, 132-33 (2019) (quoting *Severance v. Commonwealth*, 67 Va. App. 629, 647 (2017)). Under this principle, an appellate court "discard[s] the evidence of the accused in conflict with that of the Commonwealth, and regard[s] as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn" from that evidence. *Commonwealth v. Barney*, 302 Va. 84,

_____

[4] The court found the appellant not guilty of two counts of violating a protective order.

[5] The Commonwealth contends that the appellant's argument regarding K.L.'s credibility is not properly before the Court because his assignment of error, which asserted that the trial court erred by denying his motion to strike, challenged only the sufficiency of the evidence to prove bodily injury. *See generally* Rule 5A:20 (listing the requirements for an appellant's opening brief). The Commonwealth points out that he did not challenge K.L.'s credibility until his closing argument, after the trial court had already denied his motions to strike. We assume without deciding that the appellant's assignment of error encompasses the credibility challenge.

97 (2023) (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018) (per curiam)). "The judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it." *Ingram v. Commonwealth*, 74 Va. App. 59, 76 (2021) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). It "is 'entitled to the same weight as a jury verdict.'" *Perkins*, 295 Va. at 327 (quoting *Cole v. Commonwealth*, 294 Va. 342, 361 (2017)). Accordingly, "the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Washington v. Commonwealth*, 75 Va. App. 606, 615 (2022) (quoting *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016)). "If there is evidence to support the conviction[], 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Perkins*, 295 Va. at 327-28 (quoting *Courtney v. Commonwealth*, 281 Va. 363, 368 (2011)).

## II. Sufficiency of the Evidence

The appellant's sufficiency argument has two distinct challenges. First, he argues that K.L.'s testimony was incredible and not worthy of belief. Second, the appellant contends that the Commonwealth failed to prove the element of bodily injury.[6]

### A. K.L.'s Credibility

The appellant argues that K.L. was not a credible witness because she was impeached regarding her use of alcohol on the day of the offense, there was little corroborating forensic evidence, and there was no eyewitness testimony from her children who were in the house.

---

[6] While the appellant argued at trial that there was insufficient evidence of bodily injury, it is less clear that he makes that argument on appeal. His brief recites verbatim the argument trial counsel made during his motion to strike. But he provides no additional argument. *See* Rule 5A:20(e). We assume for the purpose of this appeal that his brief sufficiently adopted trial counsel's argument, but we reiterate that Rule 5A:20(d) directs that "[a]ny quotation from the record should be brief."

First and foremost, it is axiomatic that "determining the credibility of witnesses and the weight afforded the testimony of those witnesses are matters left to the trier of fact, who has the ability to hear and see them as they testify." *Maldonado v. Commonwealth*, 70 Va. App. 554, 562 (2019) (quoting *Miller v. Commonwealth*, 64 Va. App. 527, 536 (2015)). The trial court, as the fact finder, was "free to believe or disbelieve, in whole or in part, the testimony of any witness." *Rams v. Commonwealth*, 70 Va. App. 12, 38 (2019); *see also Juniper v. Commonwealth*, 271 Va. 362, 415 (2006) (explaining that inconsistencies in testimony are "appropriately weighed as part of the entire issue of witness credibility, which is left to the [fact finder] to determine"). The trial court expressly found K.L.'s account to be credible. That court had the opportunity to observe K.L. and the appellant testify. In concluding that K.L. was a more credible witness than the appellant, the trial court considered the fact that the appellant had two prior felonies. When considering the appellant's testimony, the court also was entitled to decide that he "was lying to conceal his guilt." *Cornell v. Commonwealth*, 76 Va. App. 17, 30 (2022).

This Court will not disturb a credibility finding on appeal unless the "testimony was 'inherently incredible, or so contrary to human experience as to render it unworthy of belief.'" *Kelley v. Commonwealth*, 69 Va. App. 617, 626 (2019) (quoting *Johnson v. Commonwealth*, 58 Va. App. 303, 315 (2011)); *see also Gerald v. Commonwealth*, 295 Va. 469, 486-87 (2018). K.L.'s testimony was neither "inherently incredible" nor "so contrary to human experience as to render it unworthy of belief." *Kelley*, 69 Va. App. at 626. K.L. testified she had consumed no alcohol after 10:00 a.m. on the day of the incident. Deputy Sibley said he noticed an odor of alcohol on her breath when he arrived several hours later. He also said that she slurred her words, which K.L. attributed to the appellant's strangling of her. But, the "mere fact" that the trier of fact was left with two different versions of incidental facts does not render K.L.'s

testimony inherently incredible as a matter of law. *See Ray v. Commonwealth*, 74 Va. App. 291, 306 (2022).

Contrary to the appellant's suggestion, the lack of additional corroboration of K.L.'s testimony did not make it incredible. A conviction "may be sustained solely upon the uncorroborated testimony of the victim." *Wilson v. Commonwealth*, 46 Va. App. 73, 87 (2005); *see Fisher v. Commonwealth*, 228 Va. 296, 299 (1984) (holding that "the victim's testimony, if credible and accepted by the finder of fact, is sufficient evidence, standing alone, to support [a] conviction"). In any event, even though not required, there was corroborating evidence. Deputy Sibley observed that K.L. was "in distress" and "very upset" when he arrived in response to her 911 call. She also had physical injuries. The deputy took photographs of her neck, which he saw was "irritat[ed]" and had a "small abrasion to the skin." The photographs were admitted into evidence at trial for the trier of fact to see. Forensic nurse Megan Pond examined K.L. four days after the encounter and noted a red mark on her neck and her "raspy hoarse voice." Pond also testified that strangulation can cause a loss of bladder control, which K.L. specifically testified she experienced.

The fact that K.L.'s children did not testify as eyewitnesses to the incident is of no consequence. The Supreme Court and this Court have "acknowledged the Commonwealth's prerogative to choose what evidence to offer to the fact-finder to meet its burden of proof" and has stated the "accused cannot . . . require the Commonwealth to pick and choose among its proofs, to elect which to present and which to forego." *Boone v. Commonwealth*, 285 Va. 597, 600 (2013) (quoting *Pittman v. Commonwealth*, 17 Va. App. 33, 35 (1993)). The evidence in the record sufficiently proved that the appellant committed the offense of strangulation. The court accepted K.L.'s testimony and rejected the appellant's testimony that he never touched K.L.'s neck.

B.  Bodily Injury

The appellant contends that the Commonwealth failed to prove K.L. had any bodily injury.

A conviction for strangulation requires proof that a person "without consent, impedes the blood circulation of another person by knowingly, intentionally, and unlawfully applying pressure to the neck of such person resulting in the wounding or bodily injury of such person." Code § 18.2-51.6(A).[7]  "Bodily injury" means "any bodily injury whatsoever and includes an act of damage or harm or hurt that relates to the body; is an impairment of a function of a bodily member, organ, or mental faculty; or is an act of impairment of a physical condition." *Ricks v. Commonwealth*, 290 Va. 470, 479 (2015); *see also Wandemberg*, 70 Va. App. at 133.  Moreover, "[t]he Commonwealth need not present medical testimony to prove bodily injury resulting from strangulation." *Ricks*, 290 Va. at 480.

The appellant argues that the "CT scan" of K.L.'s neck on August 23, 2022, showed no acute injury or damage, and her only visible injury was a "red mark" on her neck.  But "[t]o prove a bodily injury, the victim need not experience any observable wounds, cuts, or breaking of the skin," or "proof of broken bones or bruises." *Id.* at 479 (quoting *English v. Commonwealth*, 58 Va. App. 711, 719 (2011)).  The appellant also points to the absence of ruptured or burst capillaries in K.L.'s eyes.  While that is not necessary to support a conviction, here there is an explanation.  Forensic nurse Pond explained that such bruising usually subsides after twenty-four to forty-eight hours so she would not have expected to see them when she examined K.L. four days after the strangulation.

---

[7] Code § 18.2-51.6 was amended in 2023 to add the separate offense of suffocation as "blocking or obstructing the airway."  Code § 18.2-51.6(B).  *See* Va. Acts 2023 chs. 709, 710. The former version of the statute was reenacted as subpart (A), which defines the offense of strangulation as "pressure to the neck."  Code § 18.2-51.6(A).  The appellant was charged under the former version.

In the instant case, a reasonable fact finder could conclude that the appellant's strangulation caused K.L. to suffer a bodily injury. In *Ricks*, the Supreme Court found that the victim suffered a bodily injury because she "could not breathe when [the defendant's] hand was on her neck, and she had a red mark on her neck." *Id.* Similarly, K.L. testified that she "could not breathe." She also had a red mark on her neck. Both the investigating deputy and the forensic nurse observed marks on K.L.'s neck. The red mark persisted for several days, as did her raspy hoarse voice. Further, Pond testified that K.L.'s involuntary urination was consistent with being strangled as the body responds to the reduced flow of blood and oxygen to the brain. K.L.'s urination indicated the "impairment of a function of a bodily . . . organ." *See id.* at 478.

Accordingly, the evidence here is sufficient to show a bodily injury. *See id.* at 478-79; *Wandemberg*, 70 Va. App. at 136 (holding that the victim suffered a bodily injury where the defendant straddled the victim and began choking her and she testified that "her neck hurt and was red after the strangulation"); *Dawson v. Commonwealth*, 63 Va. App. 429, 437 (2014) (holding that the victim's testimony that she could not breathe when the defendant applied pressure to her neck, the sides of her neck hurt, and she had bruises around her neck the next day was sufficient proof of a bodily injury); *see also McGowan v. Commonwealth*, 72 Va. App. 513, 522 (2020) (holding that the victim experienced a bodily injury when the defendant bit her on the knee).

The evidence, viewed under the appropriate standard, supports the trial court's finding that the appellant committed the strangulation.

CONCLUSION

We hold that the victim's testimony was not inherently incredible and the evidence sufficiently proved that she suffered a bodily injury. Accordingly, we affirm the conviction.

*Affirmed.*

- 9 -