COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Huff, Athey and Fulton


TONY LEE SAUNDERS

v.     Record No. 0105-24-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
SEPTEMBER 10, 2024


FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
James J. Reynolds, Judge

(Jason S. Eisner, on brief), for appellant.

(Jason S. Miyares, Attorney General; Sheri H. Kelly, Assistant
Attorney General, on brief), for appellee.


Tony Lee Saunders ("Saunders") was convicted of strangulation in violation of Code

§ 18.2-51.6 following a bench trial in the Circuit Court of the City of Danville ("trial court"). On

appeal, Saunders assigns error to the trial court for determining that the evidence was sufficient to

support his conviction. In support of the assignment of error, Saunders contends that the

Commonwealth failed to present sufficient evidence of the victim's injury and that his own

testimony and the victim's testimony conflicted. After examining the briefs and record in this case,

the panel unanimously holds that oral argument is unnecessary because "the dispositive issue . . .

[has] been authoritatively decided, and the appellant has not argued that the case law should be

overturned, extended, modified, or reversed." Code § 17.1-403(ii)(b); Rule 5A:27(b). Finding no

error, we affirm the trial court's judgment.

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

I. BACKGROUND[1]

Lisa Saunders ("Lisa"), who is Saunders' wife, testified at trial that she had a flat tire while driving near Greensboro, North Carolina. When Lisa called Saunders and asked him to come to her assistance, he began driving from Danville, Virginia, to help. Meanwhile, police officers stopped and assisted her in changing the tire. Lisa further testified that she called Saunders and advised him that he could return to Danville. She then drove back to Danville and went to see a friend at the friend's residence. Saunders went to the friend's residence and met Lisa in the parking lot of the friend's apartment building. He requested that she pay him $20 to compensate him for the gas used to travel from Danville to Greensboro. Lisa acquiesced, gave him $20, and then turned around to pick up clothes she had received from her friend and load them into her car.

Lisa testified that, after she turned around, Saunders grabbed her around her neck with both hands, thereby preventing her from breathing. While squeezing her neck, Saunders pushed Lisa's head against the car while accusing her of being in an intimate relationship with another man. She further testified that Saunders abruptly fled when Lisa's friend approached them coming down the stairs from her residence. As a result of the attack, Lisa's throat was red because "he had pulled the skin off [her] neck." Officer A.L. Dailey ("Officer Dailey") of the Danville Police Department responded to the subsequent 911 call and later testified that he observed "redness and scratches around the left side of [Lisa's] neck."[2]

---

[1] "In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Meade v. Commonwealth*, 74 Va. App. 796, 802 (2022) (quoting *Gerald v. Commonwealth*, 295 Va. 469 472 (2018)). "Accordingly, we regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence." *Id.* (quoting *Gerald*, 295 Va. at 473).

[2] The friend testified also, but the trial court did not rely upon her testimony, noting she did "not really aide the Court much because she obviously did not see any of the physical interaction between the defendant and [Lisa]."

At the conclusion of the Commonwealth's evidence, Saunders moved to strike, contending that the Commonwealth failed to produce sufficient evidence of injury. The trial court then denied Saunders' motion to strike.

Testifying in his own defense, Saunders denied ever placing his hands around Lisa's neck or throat. He instead claimed that he had only grabbed her by the shoulder and spun her around when Lisa claimed that she could find a better husband. On cross-examination, the Commonwealth impeached Saunders' credibility with evidence of his convictions for felonies and misdemeanor crimes of moral turpitude. Saunders renewed his motion to strike which was denied again.

Following closing argument, the trial court found Saunders guilty of strangulation, noting that Lisa "[came] across as very creditable and she also had some injury that was observed by Officer Dailey in the minutes thereafter." Saunders appealed.

## II. ANALYSIS

### A. *Standard of Review*

"When the sufficiency of the evidence to support a conviction is challenged on appeal, we must view the evidence in the light most favorable to the Commonwealth, the prevailing party at trial." *Wandemberg v. Commonwealth*, 70 Va. App. 124, 132-33 (2019) (quoting *Severance v. Commonwealth*, 67 Va. App. 629, 647 (2017)). "Viewing the record through this evidentiary prism requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" *Commonwealth v. Barney*, 302 Va. 84, 97 (2023) (quoting *Commonwealth v. Perkins*, 295 Va. 323, 323-24 (2018) (per curiam)). Thus "[a]n appellate court does not 'ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "[I]t is not for this [C]ourt to say that the evidence does or does not establish [the defendant's] guilt beyond a

reasonable doubt because as an original proposition it might have reached a different conclusion." *Id.* (second and third alterations in original) (quoting *Cobb v. Commonwealth*, 152 Va. 941, 953 (1929)). "The only 'relevant question is, after reviewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Sullivan v. Commonwealth*, 280 Va. 672, 676 (2010)).

B. *The evidence was sufficient to support Saunders' conviction.*

Saunders asserts that since the evidence only reflected that Lisa suffered redness and scratches on her neck, there was insufficient evidence that she suffered an injury as required for a conviction for strangulation. Saunders also asserts that because he offered testimony that contradicted Lisa's testimony, there was a "hopeless conflict in the testimony" and thus the trial court erred in finding the evidence of guilt sufficient for his conviction. Both of these contentions are misguided.

Strangulation under Code § 18.2-51.6 is defined as "without consent, imped[ing] the blood circulation or respiration of another person by knowingly, intentionally, and unlawfully" either "applying pressure to the neck" or "blocking or obstructing the airway" causing "wounding or bodily injury." Though the statute does not define "bodily injury," the Supreme Court has held that, as used in Code § 18.2-51.6, "'bodily injury' . . . is any bodily injury whatsoever and includes an act of damage or harm or hurt that relates to the body; is an impairment of a function of a bodily member, organ, or mental faculty; or is an act of impairment of a physical condition." *Ricks v. Commonwealth*, 290 Va. 470, 478 (2015). "To prove a bodily injury, the victim need not experience any observable wounds, cuts, or breaking of the skin. Nor must she offer proof of 'broken bones or bruises.'" *Id.* at 479 (quoting *English v. Commonwealth*, 58 Va. App. 711, 719 (2011)).

- 4 -

In *Wandemberg*, 70 Va. App. 124, the appellant made essentially the same argument Saunders makes here. In that case, Wandemberg appealed multiple strangulation convictions. One of those convictions stemmed from an incident in which "Wandemberg squeezed and pressed down upon [the victim's] neck with enough force to restrict her ability to breathe" and "the victim . . . suffered abrasions around her neck." *Id.* at 135. We reasoned that the abrasions on the victim's neck "establish that Wandemberg caused the victim to suffer a bodily injury within the meaning of Code § 18.2-51.6," and we affirmed his conviction. *Id.*

Our decision in *Wandemberg* forecloses Saunders' assignment of error here. There we affirmed a strangulation conviction where the evidence showed that the victim was unable to breathe and suffered abrasions to her neck. *Id.* Here, since Lisa testified that she was both unable to breathe and also suffered redness and scratches on her neck, the evidence was clearly sufficient to support a conviction under Code § 18.2-51.6. Saunders offers no argument why the decision in this case should not be controlled by our holding in *Wandemberg*.

Saunders' assertion that the trial court erred in finding him guilty because Lisa's testimony and his testimony were in conflict is also misguided. "[T]he credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination." *Fletcher v. Commonwealth*, 72 Va. App. 493, 502 (2020) (quoting *Crawley v. Commonwealth*, 29 Va. App. 372, 375 (1999)). "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." *Flanagan v. Commonwealth*, 58 Va. App. 681, 702 (2011) (quoting *Marable v. Commonwealth*, 27 Va. App. 505, 509-10 (1998)). Here, the trial court credited Lisa's testimony over Saunders' testimony. It is clearly within the purview of the trial court to weigh the credibility of witnesses and their competing testimony; we cannot

conclude that the trial court abused its discretion in doing so here.[3] Further, Lisa's testimony was also corroborated in part by Officer Dailey who testified that Lisa had both redness and scratches on her neck. In fact, not only was Lisa's testimony corroborated, but Saunders' credibility was also impeached as a result of his multiple convictions for felonies and misdemeanor crimes of moral turpitude. Thus, the trial court did not err in crediting Lisa's testimony.

## III. CONCLUSION

Since the Commonwealth presented sufficient evidence that Lisa suffered an injury, and because the trial court did not err in crediting Lisa's testimony over Saunders' testimony, we find no error. Thus, the judgment of the trial court is affirmed.

*Affirmed.*

---

[3] It is, of course, settled law that we will disregard a trial court's determination that a witness was credible only when the witness' testimony was "inherently incredible, or so contrary to human experience as to render it unworthy of belief." *Kelley v. Commonwealth*, 69 Va. App. 617, 626 (2019) (quoting *Johnson v. Commonwealth*, 58 Va. App. 303, 315 (2011)). Saunders does not argue that either Lisa or Officer Dailey were inherently incredible as a matter of law.